**John ZEBLEY, et al.**

v.

**Margaret M. HECKLER (Bowen), Secretary of Health and Human Services.**

Civ. A. No. 83–3314.

United States District Court,
E.D. Pennsylvania.

July 16, 1986.

Mark A. Kaufman, Chester, Pa., for plaintiff.

Joan K. Gardner, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

### MEMORANDUM AND ORDER

FULLAM, Chief Judge.

Persons in certain economic categories are entitled to supplemental security income ("SSI") under the Social Security Act if they are disabled. The statute defines disability as follows:

"An individual shall be considered to be disabled for purposes of this title if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months (or, in the

case of a child under the age of 18, if he suffers from any medically determinable physical or mental impairment *of comparable severity).....*" 42 U.S.C. § 1382c(a)(3)(A). (Emphasis added.)

Plaintiffs in this class action challenge the regulation which has been adopted by the Secretary for determining whether a child is disabled within this definition, 20 C.F.R. § 416.923, which provides:

"How we determine disability for a child under age 18.

We will find that a child under age 18 is disabled if he or she—

(a) is not doing any substantial gainful activity; and

(b) Has a medically determinable physical or mental impairment(s) which compare in severity to any impairment(s) which would make an adult (a person age 18 or over) disabled. This requirement will be met when the impairment(s)—

(1) Meets the duration requirement; and

(2) Is listed in Appendix 1 of Subpart P of Part 404 of this chapter; or

(3) Is determined by us to be medically equal to an impairment listed in Appendix 1 of Subpart P of Part 404 of this chapter.

It is common ground that, in evaluating an adult's disability, a five-step sequential analysis is used: (1) Is the claimant gainfully employed? (2) Is the claimed impairment sufficiently severe to significantly limit the claimant's physical or mental ability to do basic work? (3) Does the impairment meet the duration requirement, and is it listed in Appendix 1 or equal to a listed impairment? [if so, the analysis stops at this point, and benefits are awarded] (4) Does the claimant have sufficient residual functional capacity to perform his previous work? And (5) if not, does the claimant have residual functional capacity, considering his age, education and work experience, to engage in gainful employment? In the case of a child, however, only the first three steps in the analysis are followed (and the first step is virtually automatic).

The net result, according to plaintiffs, is that an adult claimant whose impairment is not of the prescribed severity or is not listed can nevertheless establish eligibility for benefits by showing that he lacks residual functional capacity for gainful employment. The contention is that Congress specified that children are eligible for SSI benefits if they suffer from a physical or mental impairment comparable to that which would prevent an adult from engaging in gainful employment, hence a child claimant should have the same opportunity to prove inability to function adequately in a child's environment as that which is provided the adult claimant under the "residual functional capacity" rubric.

Strikingly similar challenges to the regulation have been rejected by the only two appellate courts to consider the issue, *Powell v. Schweiker*, 688 F.2d 1357 (11th Cir. 1982) and *Hinkley v. Secretary of HHS*, 742 F.2d 19 (1st Cir.1984). In both cases, it was held that the Secretary's regulations and directives for determining the disability of children are not inconsistent with the statute—although, admittedly, other approaches, including a child's equivalent of "residual functional capacity" would have been as good or better.

Attempting to escape the precedential force of the cited cases, plaintiffs argue that their challenge is not so much to the elimination of the fourth and fifth steps of the sequential analysis (*i.e.*, depriving the child-claimant of "vocational factors"/"residual functional capacity"), as to the differences between children and adults in the way in which the third step of the sequential analysis is applied. Acknowledging that children's mental and physical impairments are different from those of adults, and have differing impacts—hence, that providing a listing applicable to both children and adults, and a separate, additional listing for children, is not inappropriate— plaintiffs nevertheless contend that, in many situations, the wooden and inflexible application of the prescribed standards for evaluating medical conditions, particularly combinations of conditions, results in a finding of "not disabled" in the case of a

child, when an adult with less severe impairments would be found disabled.

Plaintiffs' argument may well be valid, in many cases; but errors in applying the regulations in some cases do not demonstrate invalidity of the regulations themselves. Part B of the Secretary's listings of impairments, 20 C.F.R. § 416.925, is not facially invalid or incomplete, seems to provide the necessary flexibility, and, in my view, permits the award of benefits in conformity with the intent of Congress. If these criteria are being misapplied or misinterpreted, the remedy lies in the appeal process in individual cases, not in a class-action decree.

I have concluded, therefore, that the claims of plaintiff class challenging the Secretary's regulations must be dismissed. The defendant's Motion for Summary Judgment will, to that extent, be granted, without prejudice to the claims of the named plaintiffs, intervenors and individual class members.