**Nathaniel Keon SMITH, by his mother and next friend, Sanova SMITH, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**81 CV 1284.**

United States District Court, E.D. New York.

March 16, 1987.

Brooklyn Legal Services Corp. B., Brooklyn, N.Y. by Jane Stevens, and Cardozo Bet Tzedek Legal Services, New York City by Toby Golick, for plaintiff.

Andrew J. Maloney, U.S. Atty., E.D. N.Y., Brooklyn, N.Y. by Jeffrey A. Coryell, Asst. U.S. Atty., for defendant.

## MEMORANDUM AND ORDER

PLATT, District Judge.

This is an appeal from the Secretary's decision denying plaintiff Supplemental Security Income ("SSI"), prior to May 22, 1982.

Plaintiff was born on May 11, 1979, with Down's Syndrome.[1] He has been followed since birth at the Genetics Clinic of the Downstate Medical Center and has been enrolled in an infant stimulation program since he was four months old. Plaintiff is hyperactive and requires constant attention. (R. 313.) Like most Down's Syndrome children, plaintiff's initial development was within the normal range. (R. 290; 333.) Signs of his mental retardation started to appear when he was approximately 17 months old (R. 289; 311) and grew increasingly noticeable. At three years of age plaintiff had the mental age of a one year old.

In his latest decision,[2] the Administrative Law Judge ("ALJ") held that plaintiff became disabled on May 22, 1982, when the

---

1. Down's Syndrome, also known as Mongolism or Trisomy 21, is defined as a syndrome of mental retardation with a variable constellation of abnormalities. *Stedman's Medical Dictionary* (5th lawyers' ed. 1982).

2. This case presents a long procedural history. On September 20, 1979, plaintiff's mother applied for SSI on his behalf. The application was denied. Plaintiff brought a motion to reconsid-

er the decision. A new hearing was held and the ALJ concluded that plaintiff was not disabled. The Appeals Council denied plaintiff's motion for review and plaintiff's motion to reopen the case. Plaintiff appealed the decision. On September 17, 1982, the case was remanded to the Secretary for further administrative proceedings. Memorandum and Order, No. 81 CV. 1284 (Bartels, J.).

severity of his impairments met the statutory requirements. (R. 80.)

Plaintiff argues that the Secretary's decision denying him benefits prior to May 22, 1982, is not supported by substantial evidence.

Plaintiff claims that since the Secretary found him disabled due to mental retardation in May of 1982 and since he was born mentally retarded, plaintiff was disabled at birth. He contends that mental retardation is virtually impossible to measure in very young children. Therefore, an intelligence test administered later in life should be evidence of a pre-existing disability. As a result, plaintiff suggests that a diagnosis of Down's Syndrome mandates a finding of disability.

■ To disregard the basic distinction between a diagnosis of mental impairment and a finding of disability, this Court would be required to invalidate Section 112.05(A), Subpt. P, App. 1, Title 20 of the Code of Federal Regulations. 20 C.F.R. 404, Subpt. P, App. 1 § 112.05(A).[3] A court may set aside the Secretary's regulation only if the Secretary has exceeded his statutory authority or if the regulation is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law. *Batterton v. Francis*, 432 U.S. 416, 426, 97 S.Ct. 2399, 2406, 53 L.Ed.2d 448 (1977). We may not say that Section 112.05(A) is either arbitrary or capricious.[4] In determining disability, Section 112.05(A) takes into account the nature of the impairment and its effects on the functional capacity of the child. Therefore, Section 112.05(A) must be upheld as a reasonable interpretation of the statutory definition of disability. *See Hinckley v. Secretary of Health and Human Services*, 742 F.2d 19, 23 (1st Cir. 1984).

■ Plaintiff further argues that the Secretary failed to consider his impairments in combination. In addition to Down's Syndrome, plaintiff has been hyperactive since the age of 17 months. (R. 312.) He argues that considered in combination his impairments are "medically equal" to a listed impairment. Therefore, plaintiff was disabled at 17 months. To support his argument, plaintiff suggests that the appropriate inquiry in determining "medical equivalence" is whether the combination of impairments will preclude plaintiff from working in the future. We hold, in accordance with other Circuits, that the inquiry into a child's future ability to work is inappropriate in disability cases. *Hinckley v. Secretary*, 742 F.2d at 23; *Powell v. Schweiker*, 688 F.2d 1357 (11th Cir.1982); *Zebley v. Heckler*, 642 F.Supp. 220, 222 (E.D.Pa.1986). In this case, the ALJ considered plaintiff's impairments in combination. Therefore, the ALJ's findings are supported by substantial evidence.

■ Finally, plaintiff argues that since adults with Down's Syndrome are presumed disabled, children with Down's Syndrome should be presumed disabled from birth. 20 C.F.R. § 416.934(i). An adult with Down's Syndrome is not, as plaintiff contends, presumed permanently disabled. An adult applying for SSI on the basis of Down's Syndrome is temporarily presumed disabled and may, if other eligibility requirements are met, receive "presumptive payments" until a formal disability determination is made. Such presumptive payments cannot last more than three months. 20 C.F.R. § 416.931. Since an adult is not presumed permanently disabled, plaintiff's argument is without merit.

For the foregoing reasons, the Court concludes that the findings of the Secretary

---

**3.** 20 C.F.R. 404, Subpt. P, App. 1 § 112.05 provides in pertinent part:

112.05. *Mental retardation*
   A. Achievement of only those developmental milestones generally acquired by children no more than one-half the child's chronological age;

**4.** It is not inconceivable that if we or some other sympathetic Judge or Judges were entrusted with the task of writing this particular group of regulations we might have drafted them differently, but that does not permit us to rewrite them under the circumstances presented here absent a showing of arbitrary or capricious action.

are supported by substantial evidence and must be affirmed.

SO ORDERED.