**ZEBLEY, Brian, by his parent and natural guardian, ZEBLEY, John, on behalf of himself and on behalf of a class of all others similarly situated**

Intervenor:

**Raushi, Evelyn, by her parent and natural guardian, Raushi, Mary**

Intervenor:

**Love, Joseph, Jr., by his parent and natural guardian, Margarite Love, Appellants,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services.**

No. 87–1692.

United States Court of Appeals, Third Circuit.

Argued May 3, 1988.

Decided Aug. 10, 1988.

Rehearing and Rehearing En Banc Denied Oct. 18, 1988.

Mark Kauffman, Delaware County Legal Assistance, Chester, Pa., Jonathan M. Stein (argued), Richard P. Weishaupt, Sheila Zakre, Community Legal Services, Philadelphia, Pa., for appellants.

Barbara Koppa Gerolamo, Asst. U.S. Atty., Philadelphia, Pa., Peter S. Krynski (argued), Office of the General Counsel,

Social Sec. Div., Dept. of Health and Human Services, Baltimore, Md., Dorothea Lundelius, DHHS/OGC/Region 111, Philadelphia, Pa., for appellees.

Ilene W. Shane, Disabilities Law Project, Philadelphia, Pa., amicus curiae, Pennsylvania Protection and Advocacy, Inc., et al.—on side of appellants.

Leonard S. Rubenstein, Mental Health Law Project, Washington, D.C., amicus curiae, The American Academy of Child and Adolescent Psychiatry, et al.—on side of appellants.

Marilyn Holle, Protection and Advocacy, Inc., Los Angeles, Cal., Elizabeth Jameson, Youth Law Center, Alice Bussiere, Nat. Center for Youth Law, San Francisco, Cal., Grace Galligher, Dir. Atty., Coalition of California Welfare Rights Organizations, Sacramento, Cal., amicus curiae, Spina Bifida Ass'n of Greater Los Angeles, Welfare Recipients League and Russell Champaign—on side of appellants.

Before GIBBONS, Chief Judge, and MANSMANN and COWEN, Circuit Judges.

## OPINION OF THE COURT

MANSMANN, Circuit Judge:

■ This appeal requires us to examine the policies and procedures used by the Secretary of Health and Human Services in determining whether a child is "disabled," so as to be eligible for Supplemental Security benefits. A child is defined by statute to be disabled by *"any* medically determinable physical or mental impairment of *comparable severity"* to one which would enable an adult to qualify for disability benefits. 42 U.S.C. § 1382c(a)(3)(A) (emphasis added). The Secretary's regulatory scheme confines eligibility for benefits to children who can demonstrate an impairment with medical findings that meet or equal those of one of the specific impairments listed in an Appendix to the regulations. 20 C.F.R. § 416.924.

The Appendix has not been shown to provide an exhaustive catalog of medical findings which could, singly or in combina-

tion, describe, "any" impairment which might satisfy the statutory standard of "comparable severity." Therefore, we hold that the Secretary's regulatory scheme is too restrictive to be consistent with the statute. The statutory standard requires that children, like adults, be given an opportunity for individualized assessment of the severity of their functional limitations.

Accordingly, we will vacate the order of the district court, 642 F.Supp. 220, with respect to the claim of the plaintiff class that the procedure set forth in 20 C.F.R. § 416.924 is inconsistent with the statutory mandate of 42 U.S.C. § 1382c(a)(3)(A), and we will remand the case for the entry of summary judgment for the class with respect to that claim. We will, however, affirm the order of the district court with respect to the additional claim of the plaintiff class that the regulations are inconsistent with the Social Security Disability Benefits Reform Act of 1984, 42 U.S.C. § 1381 *et seq.*

## I.

In 1974, to complement the existing contributory social insurance program, Congress established the Supplemental Security Income program to assist "individuals who have attained age 65 or are blind or disabled." 42 U.S.C. § 1381. Although welfare benefits are available under a separate program for needy families with children, Congress included disabled children under the somewhat more generous Supplemental Security Income program in the "belief that disabled children who live in low-income households are certainly among the most disadvantaged of all Americans and that they are deserving of special assistance in order to help them become self-supporting members of our society." H.R. Rep. No. 231, 92nd Cong., 2d Sess., *reprinted in* 1972 U.S.Code Cong. & Admin. News 4989, 5133.

The precise statute provides that:

An individual shall be considered to be disabled for purposes of this subchapter if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or men-

tal impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months (*or, in the case of a child under the age of 18, if he suffers from any medically determinable physical or mental impairment of comparable severity* ).

42 U.S.C. § 1382c(a)(3)(A) (emphasis added).

The Secretary has promulgated regulations setting forth the procedure to be followed in determining whether a claimant meets the statutory definition of disability. Under the regulations, an adult or a child who is not performing any substantial gainful activity, and who has an impairment which meets the duration requirement and has medical findings which meet or equal the findings associated with a listing of specific impairments set forth in Appendix 1 to the regulations, will be found disabled under the regulations without considering any evidence except the medical findings. 28 C.F.R. § 416.920(d); § 416.924(b). Medical equivalence to a listed impairment must be based on medical findings. 20 C.F.R. § 416.926(b). The functional consequences of combined impairments, "irrespective of their nature, *cannot* justify a determination of equivalence with a listed impairment." Soc.Sec. Rul. 83–19 (emphasis in original).

Part A of the Appendix sets forth medical criteria for evaluating impairments in adults and, where appropriate, in children as well. 20 C.F.R. Chapter III, Part 404, Subpart P, Appendix I. Part B of the Appendix lists additional medical criteria applicable to children only. *Id.* Part B is to be used first in evaluating disability for a person under age 18. 20 C.F.R. § 416.925(b)(2).

If an adult's medical findings do not meet or equal the listings, the regulations provide for an individualized assessment of the *actual* degree of functional impairment. 20 C.F.R. § 416.920(e) & (f).[1]

No such individual assessment is provided for children in the Secretary's regulations. If a child's medical findings do not meet or equal the listings, the child may not be found to be disabled regardless of the severity of the actual impairment.[2]

## II.

Brian Zebley was born July 13, 1978 and received Supplemental Security Income (SSI) disability benefits as a disabled child from September 12, 1980 until January 26, 1983. An Administrative Law Judge (ALJ) for the Social Security Administration, Department of Health and Human Services, determined later that the medical evidence of congenital brain damage with spastic right hemiparesis, mental retardation, development delay, eye problems and muscu-

---

1. 20 C.F.R. § 416.920(e) & (f) provide:

(e) Your impairment(s) must prevent you from doing past relevant work. If we cannot make a decision based on your current work activity or on medical facts alone, and you have a severe impairment(s), we then review your residual functional capacity and the physical and mental demands of the work you have done in the past. If you can still do this kind of work, we will find that you are not disabled.

(f) Your impairment(s) must prevent you from doing other work. (1) If you cannot do any work you have done in the past because you have a severe impairment(s), we will consider your residual functional capacity and your age, education, and past work experience to see if you can do other work. If you cannot, we will find you disabled. (2) If you have only a marginal education, and long work experience (i.e., 35 years or more) where you only did arduous unskilled physi-

cal labor, and you can no long do this kind of work, we use a different rule (see § 416.962).

2. 20 C.F.R. § 416.924 (1980) provides:

How we determine disability for a child under age 18.

We will find that a child under age 18 is disabled if he or she—

(a) Is not doing any substantial gainful activity; and

(B) Has a medically determinable physical or mental impairment(s) which compares in severity to any impairment(s) which would make an adult (a person age 18 or over) disabled. This requirement will be met when the impairment(s)

(1) Meets the duration requirement; and

(2) Is listed in Appendix I of Subpart P of Part 404 of this chapter; or

(3) Is determined by us to be medically equal to an impairment listed in Appendix I of Subpart P of Part 404 of this chapter.

loskeletal impairments on the right side no longer met or equaled the requirements of any section of the Listing of Impairments at Appendix 1. Therefore, the Administration found that Brian's childhood disability ceased as of June, 1982 and that his eligibility for SSI terminated August 31, 1982. The Appeals Council denied review and, on July 1, 1983, Zebley filed a class action complaint against the Secretary in the district court.

Zebley asserted as an individual that the decision to terminate his benefits was not supported by substantial evidence. On behalf of the class, he asserted that the Secretary's policy and regulations violated the Social Security Act, specifically 42 U.S.C. § 1382(a)(3)(A), by the Secretary refusing to consider all pertinent facts and medical and vocational factors in determining children's eligibility for SSI disability payments.

Joseph Love, Jr., whose claim for SSI benefits was denied, and Evelyn Raushi, whose benefits were terminated, filed petitions to intervene on September 2, 1983 and November 1, 1983 respectively. On January 10, 1984, the district judge certified a class of

"[a]ll persons who are now, or who in the future will be, entitled to an administrative determination (whether initially, on reconsideration, or on reopening) as to whether supplemental security income benefits are payable on account of a child who is disabled, or as to whether such benefits have been improperly denied, or improperly terminated, or should be resumed."

On October 12, 1984, the district court granted Zebley's motion for partial summary judgment. The court reversed the Secretary's decision on Zebley's individual claim and remanded it to the Secretary for calculation and award of benefits.

On March 13, 1985, upon the Secretary's uncontested motion, the district court remanded Evelyn Raushi's claim to the Secretary for review in accordance with the Social Security Benefits Reform Act of 1984, 42 U.S.C. § 1381 *et seq.* (Supp.1987).

On July 16, 1986, the district court granted the Secretary's motion for partial summary judgment and dismissed the claims of the plaintiff class challenging the Secretary's regulations.

On April 23, 1987, pursuant to the parties' stipulation, the claim of intervenor Joseph Love was remanded to the Secretary for review under the Social Security Benefits Reform Act of 1984.

On October 26, 1987, the district court certified the entry of final judgment in accordance with Fed.R.Civ.P. 54(b). On November 5, 1987, plaintiffs, intervenors and all members of the certified class appealed. Numerous amici curiae filed briefs in support of the appellants.[3]

### III.

The plaintiffs challenge only the dismissal of the certified class' claim that the Secretary's regulatory scheme for determining disability in children is inadequate to identify *"any* medically determinable physical or mental impairment of *comparable severity "* to one which would disable an adult as required by 42 U.S.C. § 1382c(a)(3)(A) (emphasis added). The plaintiffs argue that the regulatory scheme violates the statutory standard by restrict-

---

**3.** Briefs in support of the plaintiff class were filed by the following amici curiae:

American Academy of Child and Adolescent Psychiatry, American Psychiatric Association, Association for Retarded Citizens of the United States, Center for Law and Social Policy, National Alliance for the Mentally Ill, National Association of Private Residential Resources, National Association of Protection and Advocacy Systems, National Mental Health Association, Pennsylvania Protection and Advocacy, Inc., Pennsylvania Tourette Syndrome Association, Sickle Cell Genetic Disease Council, Spina Bifi-

da Coalition of Pennsylvania, Pennsylvania Association for Retarded Citizens, United Cerebral Palsy of Pennsylvania, Eastern Pennsylvania Chapter of the Arthritis Foundation, Parent Education Network, Chester County Right to Education Task Force, Media Child Guidance Community Mental Health/Mental Retardation Services, Inc., Mental Health Association in Indiana County, Inc., Spina Bifida Association of the Delaware Valley, Inc., The Spina Bifida Association of Greater Los Angeles, Welfare Recipients League, and Russell Champaign.

ing eligibility for benefits to children who can demonstrate an impairment with medical findings that meet or equal those of one of the specific impairments listed in Appendix 1 to the regulations. The plaintiffs assert that the statutory standard requires the same individualized assessment of the severity of a child's functional limitations as is available for adults who are not able to establish their disability on the basis of medical evidence alone.

Between the filing of the complaint and the entry of the final order in this case, Congress passed the Social Security Disability Benefits Reform Act of 1984, 42 U.S.C. § 1381 *et seq.* The plaintiffs assert that the regulatory scheme violates the Reform Act, which requires the Secretary to consider the medical severity of a combination of impairments without regard to whether any individual impairment, if considered separately, would be of sufficient medical severity to be the basis of eligibility for benefits. 42 U.S.C. § 1382c(a)(3)(G) and (H) (Supp.1987).

The plaintiffs also argue that the Secretary has ignored section 5(a) of the Reform Act which, plaintiffs assert, directs the Secretary to revise the "Mental and Emotional Disorders" listings for children.

The district court had subject matter jurisdiction pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(C)(3). We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

## IV.

The question on our review of ·district court decisions in suits challenging Social Security regulations is whether the district court applied the correct legal precepts in reaching its conclusions. *Barnes v. Cohen,* 749 F.2d 1009, 1013 (3d Cir.1984), *cert. denied,* 471 U.S. 1061, 105 S.Ct. 2126, 85 L.Ed.2d 490 (1985). Our review of the district court's interpretation and application of legal precepts is plenary. *Gaines v. Amalgamated Ins. Fund,* 753 F.2d 288, 290 (3d Cir.1985).

A reviewing court must defer to an agency's interpretation of a statute which the agency administers so long as the interpretation is reasonable. *Lugo v. Schweiker,*

776 F.2d 1143, 1147 (3d Cir.1985). Section 1383(d)(1) of the SSI statute grants the Secretary "full power and authority to make rules and regulations and to establish procedures, not inconsistent with the provisions of this subchapter, which are necessary or appropriate to carry out such provisions...." Because Congress did not describe explicitly a *method* for determining whether a claimant is disabled, our review is limited to determining if the regulation in question, 20 C.F.R. § 416.924, exceeds the Secretary's authority or is arbitrary or capricious. *Bowen v. Yuckert,* —— U.S. ——, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); *Heckler v. Campbell,* 461 U.S. 458, 466, 103 S.Ct. 1952, 1956, 76 L.Ed.2d 66 (1983).

The judiciary is the final authority on issues of statutory construction and must reject administrative constructions which are contrary to clear congressional intent. *Lugo v. Schweiker,* 776 F.2d at 1147. The agency's regulations must give effect to the unambiguously expressed intent of Congress. *Id.*

## A.

The plaintiffs and amici curiae argue that the Secretary's child disability evaluation policy is inconsistent with the statute because it fails to afford an individualized assessment of the actual extent of functional impairment resulting from a child's medical pathology. They assert that the regulatory procedure fails to identify many children who are disabled as defined by the statute and the regulations. The following assertions by the Spina Bifida Association of Greater Los Angeles are illustrative of the numerous examples alleged by amici to demonstrate the inadequacy of the Secretary's exclusive reliance on the medical listings.

Many of the disability problems children with spina bifida have, and which result in functional limitations, are not catalogued in the children's listings of impairments: gastrostomy tubes into the stomach through which a child is fed; tracheostomies which are openings into the neck through which the child

breathes and through which the child is suctioned to prevent aspiration or pneumonia; and shunts to remove excess fluid from the head to prevent or minimize brain damage from the pressure of water on the brain. As a result of having functional limitations due to disability problems not catalogued in the Listings, some severely disabled spina bifida children have not been able to qualify for Supplemental Security Income (SSI).

Brief of Amici Curiae at p. 2.

In interpreting a statute, our starting point is the language itself; it is to be presumed that the legislative purpose is expressed by the ordinary meaning of the words used, and if the statutory language is clear, it is not necessary to examine legislative history. *Barnes v. Cohen*, 749 F.2d 1009, 1013 (3d Cir.1984), *cert. denied*, 471 U.S. 1061, 105 S.Ct. 2126, 85 L.Ed.2d 490 (1985).

The statute provides that:

An individual shall be considered to be disabled for purposes of this subchapter if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months (*or, in the case of a child under the age of 18, if he suffers from any medically determinable physical or mental impairment of comparable severity* ).

42 U.S.C. § 1382c(a)(3)(A) (emphasis added).

In keeping with the statute, the regulations provide that a child will be found disabled if "suffering from any medically determinable physical or mental impairment which compares in severity to an impairment that would make an adult (a person over age 18) disabled." 20 C.F.R. § 416.906. The Secretary adopted listings for children which were determined to be of "comparable severity" to the adult criteria. *Id.* According to the regulations, the listed impairments "are considered severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925.

Thus, the functional consequence of the listed impairments is presumed.

When a court reviews an agency's construction of a statute which it administers, the court is confronted with two questions: whether Congress has directly spoken on the precise question at issue; if the statute is silent or ambiguous with respect to the specific issue the question for the court is whether the agency's answer is based on a permissible construction of the statute. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), *reh'g denied*, 468 U.S. 1227, 105 S.Ct. 28, 82 L.Ed.2d 921; *Kean v. Heckler*, 799 F.2d 895 (3d Cir.1986).

Congress has expressed unambiguously its intent that "any" impairment which meets the statutory standard shall be found disabling. Therefore, the Secretary's regulatory method for determining disability must be adequate to identify *any* qualifying impairment.

The listings however, do not purport to be an exhaustive compilation of medical conditions which could impair functioning to the extent necessary to satisfy the statutory standard for liability. The regulations recognize this by providing for individualized assessment of the *actual* degree of functional impairment of adults whose medical findings do not entitle them to a *presumption* of disability by meeting or equaling the listings. 20 C.F.R. § 416.920(e) and (f).

As we explained above, the regulations do not provide for such individual assessment for children, although they are entitled by statute to receive benefits if suffering from "any" impairment of "comparable severity" to one which would render an adult unable to engage in "substantial" gainful activity. It is the expressed intention of Congress that children be given the opportunity to show that they suffer from "any" impairment of "comparable severity" to one which would actually, even if not presumptively, disable an adult.

Therefore we find that the regulations are inconsistent with the statute in precluding a finding that a child is disabled unless

his impairment meets or equals a listed one.

The district court rejected the challenge to the validity of the regulations relying principally on the precedential force of two appellate court decisions, *Powell v. Schweiker*, 688 F.2d 1357 (11th Cir.1982), *reh'g denied*, 694 F.2d 727 (11th Cir.1982) and *Hinckley v. Secretary of HHS*, 742 F.2d 19 (1st Cir.1984). The Secretary's arguments on this appeal are essentially those adopted by the courts in *Powell* and *Hinckley*. We find neither decision persuasive.

The Court of Appeals for the Eleventh Circuit in *Powell* considered the argument that the Secretary's regulations were inadequate in failing to provide criteria for children, comparable to vocational factors for adults, against which to compare the medical evidence in determining the actual degree of a child's functional impairment. The court, however, concluded that the regulations were "reasonably related to the purposes of the legislation" because some impairments of "comparable severity" would be identified by certain of the listings in Part B which evaluate the degree of medical impairment in terms of a child's ability to perform age-appropriate activities. 688 F.2d at 1360. We decline to accept this reasoning.

We reiterate that Congress has unambiguously expressed its intent that "any" impairment which meets the statutory standard shall be found disabling. The Secretary's regulatory method for determining disability, which is adequate to identify only *some* comparable impairments is not enough.

Similarly, the Court of Appeals for the First Circuit concluded in *Hinckley* that the regulation "allows for an assessment of a child's mental or physical limitations on an individual basis by providing that a child may be found disabled if his impairment 'is determined by [the Secretary] to be medically equal to an impairment listed in [the Appendix].'" 742 F.2d at 23. We also decline to accept this conclusion.

Medical equivalence to a listed impairment must be based on medical findings.

20 C.F.R. § 416.926(b). In the final analysis, it is functional impairment which is meant to be evidenced by the medical findings. It is *only* impaired ability to function which results in disability. Nevertheless, the Secretary has made it clear that the functional consequences of combined impairments, "irrespective of their nature, *cannot* justify a determination of equivalence with a listed impairment." Soc.Sec. Rul. 83–19 (emphasis in original). Therefore, something more is necessary in order to determine whether the degree of a claimant's impairment satisfies the statutory standard for disability.

The Secretary argues vigorously that the Staff of the Senate Committee on Finance reporting publication of the regulations, approves the regulations as consistent with the statute, an argument which was adopted by the *Hinckley* court. 742 F.2d at 22. The report noted that "[t]he nonmedical *vocational* factors were not applied to the children for basically the same reasons they had not been applied to disabled widows in earlier legislation, *i.e.*, that as a group they had not had enough attachment to the labor force to make application of these factors feasible." Staff of Senate Comm. on Finance, 95th Cong., 1st Sess., The Supplemental Security Income Program 125 (Comm.Print 1977). We disagree that children's and widows' similar lack of attachment to the labor force justifies the Secretary's limited procedures with respect to children.

At the time Congress amended the Social Security Act to provide for widows' benefits, the existing test for disability was the one which was later adopted for SSI benefits, *i.e.*, the ability to engage in "substantial gainful activity." In providing for widows' benefits, Congress explicitly authorized a more stringent disability standard. The statute provides as follows:

A widow, surviving divorced wife, or widower shall not be determined to be under a disability ... unless his or her physical or mental impairment or impairments are of a level of severity which *under regulations prescribed by the Secretary* is deemed to be sufficient to preclude an

individual from engaging in *any* gainful activity.

The legislative history shows that Congress was well aware of the difference. The House version of the bill offered inability to engage in "any" gainful activity as the standard. H.R.Conf.Rep. No. 1030, 90th Cong., 1st Sess., *reprinted in* 1967 U.S.Code Cong. & Admin.News 2834, 3197. The Senate version was more liberal, using the "substantial" gainful activity standard. *Id.* The conference agreement settled on the language from the House bill. *Id.*

In enacting the SSI plan, Congress explicitly provided that adult eligibility is to be measured by inability to engage in "substantial" gainful activity, and that children's disability is to be evidenced by "any" impairment of "comparable severity." 42 U.S.C. § 423(d)(2)(B) (emphasis added). Significantly, the statute did *not* provide that children's impairments need be comparable to those which would disable an adult from *any* gainful activity.

The finance committee report cited by the Secretary postdated the passage of the statute by approximately five years, and post-enactment comment by a legislative committee generally does not serve as a reliable indicator of congressional intent *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979). Even

if the report can be said to evidence Congress' implicit approval of ignoring *vocational* factors in gauging disability in children, this does not mean that the Secretary is not required to assess a child's functional impairment against appropriate criteria *comparable* to vocational factors for adults.

The court in *Hinckley* expressed its concern that in requiring the Secretary to measure the actual degree of functional impairment caused by each child's medical condition(s), the court would also have to devise a standard against which to assess when a child's remaining capabilities are comparable to an adult's inability to engage in "substantial gainful activity." 742 F.2d at 23. We see no necessity for such an intrusion upon the Secretary's authority.

The Secretary has already interpreted the statutory standard of "comparable severity" to comprehend those impairments which impact on a child's "development" to the same extent that a disabling impairment impacts on an adult's ability to engage in substantial gainful activity. 42 Fed.Reg. 14705 (1977).

We recognize that our decision places us in the minority among courts which have considered the legality of these regulations.[4] Nevertheless, our review of authorities upholding the regulations[5] does not

---

4. The following cases support the position of the plaintiff class: *See Mental Health Assoc. of Minnesota v. Schweiker,* 554 F.Supp. 157 (D.Minn.1982), *aff'd* 720 F.2d 965 (8th Cir.1983) (Sec'y may not presume that mentally impaired claimants are not disabled unless they meet the listings); *Burt v. Bowen,* —— F.Supp. ——, No. C–85–1033–JBH, (E.D.Wash. May 12, 1988) (Secretary does not possess statutory authority to limit children's disability to less than any impairment of comparable severity to one which would support an award to an adult after step 3 in the sequential process); *Gordon v. Secretary of HEW,* No. CV 75–4088–F(G) (C.D.Calif. May 6, 1977) (remand because of exclusive application of listed impairment test—Secretary failed to consider whether child might be disabled under language in regulations to effect that medical equivalence determination must give "appropriate consideration of the particular effect of disease processes in childhood" 20 C.F.R. § 416.904, which is intended to extend to children the same individualized determination of disability as is available to adults). *See also,*

*Bowen v. City of New York,* 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986) (SSA rules for determining disability based on mental impairment are illegal in confining mental disability determinations to the narrow "listings");

5. The following authorities arguably support the Secretary's position: *Burnside v. Bowen,* 845 F.2d 587 (5th Cir.1988) (minor claimant with cystic fibrosis was evaluated under proper legal standards); *Hinckley v. Secretary of H.H.S.,* 742 F.2d 19 (1st Cir.1984) (Secretary's guidelines for determining whether a child under 18 is disabled are valid); *Powell v. Schweiker,* 688 F.2d 1357, (11th Cir.1982), *reh'g denied,* 694 F.2d 727 (11th Cir.1982) (failure to carry over adult evaluation scheme for children's disabilities was not inconsistent with the statutory definition of disability); *Wills v. Secretary,* 686 F.Supp. 171, 1987 WL 46333 (W.D.Mich.1987). (The Secretary has permissibly construed the "comparable severity" language of the statute); *Blankenship v. Schweiker,* No. 79–3134 (S.D.W.Va. June 19, 1981) ("comparable severity" doesn't mean that

persuade us to abandon our conclusion that the Secretary's prescribed method for determining disability in children is too restrictive to be consistent with the statute.

■ A reviewing court must reject administrative constructions of a statute, whether reached by adjudication or by rule making, that are inconsistent with the statutory mandate or that frustrate the policy that Congress sought to implement. *Securities Industry Ass'n v. Board of Governors of Federal Reserve System,* 468 U.S. 137, 104 S.Ct. 2979, 82 L.Ed.2d 1107 (1984). We are persuaded that in the statutory directive that "any" impairment may be disabling if severe enough, Congress has clearly expressed an intention that children be given the opportunity for individual evaluations comparable to the residual functional capacity assessment for adults. This intent is contrary to that of the agency, which is to restrict children to listed impairments.

Therefore we will vacate the district court's order of summary judgment for the Secretary and remand with the direction to enter summary judgment in favor of the plaintiff class as to this claim.

### B.

■ The plaintiffs' second argument is that the regulations are inconsistent with the 1984 Reform Act with respect to children because the regulations do not require consideration of the "combined effect of all impairments" and "all evidence available."

This claim need not detain us long because its resolution follows from our disposition of the previous issue. The 1984 Disability Reform Act does require that the Secretary shall consider the combined impact of multiple impairments throughout the disability determination process, 42

U.S.C. § 1382c(a)(3)(G) (Supp.1987), and that the Secretary shall consider all evidence available, 42 U.S.C. S1382c(a)(3)(H) (Supp.1987).

The regulations recognize those mandates by providing expressly that multiple impairments will be considered in assessing medical equivalence, 20 C.F.R. § 416.926, and by providing generally that the combined effect of all of a claimant's impairments will be considered throughout the disability determination process. 20 C.F.R. § 416.923. As we held earlier, an individualized determination of the degree of functional incapacitation is required by statute during the disability determination process for children. Existing regulations will serve to assure consideration of multiple impairments during that additional evaluative step.

### C.

■ The Plaintiffs' final contention is that the Secretary has violated Section 5(a) of the 1984 Reform Act by failing to revise the mental disorder listings for children. The Secretary contends that the Reform Act directed the Secretary to revise only the listings of mental impairments for adults and not those for children. The mandate of the Reform Act reads as follows:

The Secretary of Health and Human Services (hereafter in this Section referred to as the "Secretary") shall revise the criteria embodied under the category *"Mental Disorders"* in the "Listing of Impairments" in effect on the date of the enactment of this Act [Oct. 9, 1984] under the Appendix 1 of Subpart P of Part 404 of Title 20 of Code of Federal Regulations. The revised criteria and listings, alone and in combination with assessments of the residual functional capacity

vocational factors test must be applied in determining children's disability because statute specifically excludes children from discussion of work activity standard); *Zukow v. Harris,* No. 80–3199 (M.D.Tenn. December 15, 1980). (Secretary need not consider whether child of dis-

ability claimant's impairments prevent her from engaging in substantial gainful activity because statute and legislative history exclude children when discussing work activity, and typical child has not expectation of income but for the existence of an impairment).

of the individuals involved, shall be *designed to realistically evaluate the ability of a mentally impaired individual to engage in substantial gainful activity in a competitive workplace environment.* Regulations establishing such revised criteria and listings shall be published no later than 120 days after the date of the enactment of this act [Oct. 9, 1984].

42 U.S.C. § 421 note (Supp.1987) (emphasis added).

In August, 1985, the Secretary issued new listings under the category "Mental Disorders" in Appendix 1, Part A, which are applicable to adults and children. The Secretary did not revise the listings under the category "Mental and Emotional Disorders" in Appendix 1, Part B, which are applicable to children only. Since the statutory time limit for revising the listings has expired, the plaintiffs request the equitable remedy of a court-ordered timetable for revision of the children's listings.

The Secretary argues that Congress mandated revision only of the category expressly designated by the statute. The precise designation "Mental Disorders" appears only in Part A of Appendix 1 of the regulations. The comparable category in Part B is entitled "Mental and Emotional Disorders." Therefore, argues the Secretary, Congress intended only that the Part A listings be revised.

In addition, the Secretary points to Congress' expressed purpose that the revision result in criteria and listings "designed to realistically evaluate the ability of a mentally impaired individual to engage in a competitive workplace environment." The argument proceeds that since children, for the most part, have no connection with the workplace, Congress' manifest purpose is to achieve revision of only the adult criteria.

An agency's interpretation of a statute which it administers is entitled to deference, and need not be the only reasonable one in order to gain judicial approval. *Lugo v. Schweiker*, 776 F.2d 1143, 1147 (3d Cir.1985). Plaintiffs and amici urge that the children's listings are based on outmoded medical and scientific concepts of disability assessment. They are unable, however, to point to any unambiguous evidence of congressional intent which would compel us to find the Secretary's interpretation of the Reform Act to be "arbitrary and capricious." *Id.* Neither the legislative history nor the statutory language itself makes any reference to whether Congress intended that the children's listings in Part B be included in the mandated revision. If a statute is silent or ambiguous with respect to the specific issue, and the agency's construction is reasonable, a court must defer to that construction, although it may not be the only or even the most reasonable one. *Kean v. Heckler*, 799 F.2d 895 (3d Cir. 1986). Accordingly, we will defer to the Secretary's interpretation of the statute.

## VI.

In accordance with the foregoing, we will vacate in part the order of summary judgment in favor of the Secretary and remand to the district court with the direction that summary judgment be entered in favor of the plaintiff class as to the claim that the Secretary is required by statute to give child claimants for SSI benefits an opportunity for individualized assessment of their functional limitations.