**Nathaniel Keon SMITH, by his mother and next friend Sanova SMITH, Plaintiff–Appellant,**

v.

**Otis BOWEN, Secretary of Health and Human Services, Defendant–Appellee.**

**No. 255, Docket 88–6122.**

United States Court of Appeals, Second Circuit.

Argued Nov. 3, 1988.

Decided Jan. 26, 1989.

Jane Greengold Stevens, Brooklyn, N.Y. (John C. Gray, Brooklyn Legal Services Corp. B, Brooklyn, N.Y.; Toby Golick, Cardozo Bet Tzedek Legal Services, New York City, on the brief), for plaintiff-appellant.

Charles S. Kleinberg, Asst. U.S. Atty., Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty., Robert L. Begleiter, Asst. U.S. Atty., Brooklyn, N.Y., on the brief), for defendant-appellee.

Before OAKES, Chief Judge, KAUFMAN and NEWMAN, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

This appeal raises the question of whether a private party who successfully challenges an adverse agency decision may be awarded attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (Supp. IV 1986) (EAJA) for portions of time spent in litigation in federal court, even if the underlying agency decision was "substantially justified" under the EAJA. This question arises on an appeal by Nathaniel Keon Smith from an order of the District Court for the Eastern District of New York (Thomas C. Platt, Jr., Chief Judge) denying, in substantial part, his application for attorney's fees under the EAJA. Smith filed his fee application after settling his suit against the Social Security Administration (SSA) for disability benefits. Though we agree that the SSA's underlying position in the matter was "substantially justified," we conclude that the EAJA authorizes fees for those portions of a lawsuit in which the litigant spends time overcoming unreasonable litigating positions taken in defense of the agency's ruling. We therefore affirm the denial of the request for fees for the entire period of the lawsuit but remand to permit consideration of appellant's entitlement to fees for some portions of the litigation.

## Facts

Appellant Smith was born with Down's Syndrome in May 1979. A hearing was held before an Administrative Law Judge (ALJ) of the SSA in June 1980 to consider Smith's application for disability benefits under the Supplemental Security Income program. The ALJ denied Smith's application. The ALJ found that Smith did not yet manifest certain measurable developmental disabilities set forth in federal regulations as benchmarks for granting disability benefits. The regulations relevant to Smith's case authorize benefits only if a child applicant has not achieved developmental milestones normally achieved by a child one-half the applicant's chronological age. *See* 20 C.F.R. pt. 404, subpt. P, App. 1 § 112.05 A (1988). The evidence before the ALJ demonstrated that Smith, then about one year old, had not yet begun to lag behind his age group in developmental skills and thus did not qualify for benefits. It was conceded that he eventually would qualify for benefits as he "grew into" the mental retardation criteria. In October 1980, the SSA Appeals Council affirmed the ALJ's decision.

Plaintiff appealed to the District Court in April 1981 for review of the agency determination. Plaintiff's EAJA application seeks attorney's fees from this date forward. In the course of these proceedings, plaintiff submitted new evidence, including a medical report dated May 18, 1982, demonstrating Smith's lag in achieving developmental milestones and purportedly containing evidence of disability existing prior to the date of the report. District Judge John R. Bartels, to whom the suit was then assigned, asked the Appeals Council if it would remand the case to an ALJ in light of the new evidence, but the Appeals Council rejected that request. Subsequently, in September 1982, Judge Bartels ordered a remand and found the Appeals Council's summary rejection of the new evidence "totally unacceptable." *Smith v. Schweiker*, No. 81–1284 (E.D.N.Y. Sept. 17, 1982).

In July 1983, the ALJ, on remand, found that the May 18, 1982, report established *that day* as the onset date of developmental disability, thus qualifying Smith for benefits from that day forward. The ALJ also found that there was no proof of impairment prior to that date.

In November 1983, the District Court, dissatisfied with the slow pace of the administrative appeal from the new ALJ finding, ordered the Appeals Council to rule on the ALJ's finding. On November 7, the Appeals Council affirmed. On November 9, 1983, Chief Judge Platt, to whom the case had been transferred, ordered payment of benefits as of May 18, 1982. When payment had not occurred by February 1984, Chief Judge Platt found the SSA in contempt and ordered payment. He also ordered the Government to pay the claimant's attorney's fees related to the November 9 order and the February 1984 contempt order. *Smith v. Secretary of Health & Human Services*, No. 81–1284 (E.D.N.Y. Feb. 14, 1984).

Plaintiff appealed to the District Court from that part of the second ALJ's decision setting May 18, 1982, as the starting date for disability benefits. Smith asserted his entitlement to benefits from birth. The District Court affirmed the ALJ's ruling in March 1987. *See Smith v. Bowen*, 656 F.Supp. 954 (E.D.N.Y.1987). In September 1987, while an appeal to this Court was pending, the parties settled the action. The Secretary agreed to pay Smith benefits for the twenty-seven months prior to May 18, 1982, but not for the first four months of Smith's life. At the time of settlement, the Government was considering new regulations that would make it easier for children afflicted with Down's Syndrome to qualify for benefits earlier in life. Even the new regulations, which have not yet gone into effect, do not provide for payment of disability benefits from birth.

In October 1987, plaintiff moved simultaneously in the District Court and in the Court of Appeals for attorney's fees. In January 1988, this Court referred Smith's application for appellate fees to the District Court. In March 1988, the District Court reaffirmed its previous grant of attorney's fees for services in connection with the November 1983 and February 1984 orders

but denied Smith's fee application in all other respects. This appeal followed.

### Discussion

The EAJA permits parties who successfully challenge Government actions in the courts to recover the costs of litigation when the "position of the United States" is not "substantially justified." [1] In 1980, Congress enacted the EAJA as a four-year experiment to ameliorate the problem "that certain individuals ... may be deterred from seeking review of, or defending against unreasonable governmental action because of the expense involved in securing the vindication of their rights." H.R.Rep. No. 96–1418, 96th Cong., 2d Sess. 5–6, *reprinted in* 1980 U.S.Code Cong. & Admin. News 4953, 4984. Congress reenacted the EAJA in 1985 as a permanent measure. *See* 28 U.S.C. § 2412(d)(1)(A) (Supp. IV 1986). The term "position of the United States," left undefined in the original act, was defined in the 1985 law to include both "the position taken by the United States in the civil action," as well as "the action or failure to act by the agency upon which the civil action is based." *Id.* § 2412(d)(2)(D). In adding this definition, Congress made clear that for EAJA purposes, a court should inquire into both the underlying agency determination affecting the party, as well as the Government's litigation strategy in defense of that determination. *See* H.R.Rep. No. 99–120, 99th Cong., 1st Sess. 12, *reprinted in* 1985 U.S.Code Cong. & Admin.News 132, 141.

The Government's position is "substantially justified" for EAJA purposes if it is " 'justified in substance or in the main'— that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, — U.S. —, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988).

If a court determines that "the underlying agency action was not substantial-

ly justified, the victim of that unjustified action is entitled to all reasonable attorney's fees," *Trichilo v. Secretary of Health & Human Services*, 823 F.2d 702, 708 (2d Cir.1987) (*Trichilo I*), including all fees and expenses "reasonably incurred in connection with the vindication of his rights." *Trichilo v. Secretary of Health & Human Services*, 832 F.2d 743, 745 (2d Cir.1987) (per curiam) (*Trichilo II*). Thus, if the underlying Government position is not substantially justified, a court must award fees for counsel's representation before the agency and in all subsequent litigation of the matter—even if the Government's litigation position is itself reasonable when considered alone. Without this rule, a person who considers challenging an agency decision would face the prospect of not receiving compensation for his advocacy in potentially protracted litigation in federal court. This would certainly discourage an aggrieved party from seeking full "vindication of his rights" under the EAJA.

With these principles in mind, we now turn to the merits of this appeal. Our review of the District Court's consideration of Smith's fee application necessarily begins with Chief Judge Platt's ruling that the underlying SSA decision denying Smith disability benefits since birth was substantially justified.

At the agency level, Smith challenged the validity of the federal regulations that set forth developmental milestones as the basis for determining a child's eligibility for disability benefits. *See* 20 C.F.R. pt. 404, subpt. P, App. 1 § 112.05 A (1988). In its ruling on the merits upholding the agency interpretation of the regulations, the District Court recognized that it could set aside such regulations only if the Secretary had "exceeded his statutory authority or if the regulation is 'arbitrary, capricious, an abuse of discretion, or otherwise not in

---

1. The statute provides, in relevant part:
   Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action ... including

proceedings brought for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified....

28 U.S.C. § 2412(d)(1)(A) (1982).

accordance with the law.'" *See Batterton v. Francis*, 432 U.S. 416, 426, 97 S.Ct. 2399, 2406, 53 L.Ed.2d 448 (1977) (quoting 5 U.S. C. § 706(2)(A) (1982)). The District Court upheld the regulations as a reasonable interpretation of the statutory definition of disability. *See* 42 U.S.C. § 1382c(a)(3)(A) (1982). Other courts have also upheld the regulations. *See Hinckley v. Secretary of Health & Human Services*, 742 F.2d 19, 22–23 (1st Cir.1984); *Powell v. Schweiker*, 688 F.2d 1357, 1363 (11th Cir.1982).

■ On this appeal, we do not reach the ultimate merits of the District Court's ruling on the regulations because that issue was mooted when the parties settled the underlying action. But applying, as we must, the abuse of discretion standard, *see Pierce v. Underwood, supra*, 108 S.Ct. at 2547, we cannot say that the District Court erred in holding that the agency determination was substantially justified for purposes of the EAJA. The underlying agency determination action rested on regulations that have been adjudged valid in at least two other circuits. The existence of later proposals to modify the regulations does not invalidate the agency's determination under the then-applicable regulations. *See Pierce v. Underwood, supra*, 108 S.Ct. at 2551–52.

■ Our review of the District Court's order does not end here, however. Though the Court had previously awarded fees for the 1983 payment order and the 1984 contempt order, it felt constrained by our subsequent holdings in *Trichilo I & II* to deny Smith's fee request for any other segment of his counsel's representation in the litigation, once it concluded that the Government's underlying position was substantially justified. Chief Judge Platt noted, for example, that even though the Secretary's refusal to agree to a remand to an ALJ to consider after-acquired evidence was "totally unacceptable," he could not award any fees because the Government's under-

lying position on the ultimate merits was reasonable.

The District Court read too much into our decisions in the *Trichilo* cases. All we said in *Trichilo I & II* was that if the Government's underlying position is *not* substantially justified, then the Court is required to award fees for representation during *all* phases of the case, even if the Government's position in some portions of the litigation, when considered apart from the underlying agency decision, was reasonable. The bar against segmentation set down in *Trichilo I & II* does not apply, however, in cases where, as here, the underlying Government position *is* substantially justified. In defending an agency decision, even a reasonable one, the Government should be discouraged from engaging in dilatory or otherwise unacceptable litigation tactics. Left unchecked, these litigation practices might discourage future parties from challenging adverse agency decisions. Such a result would run counter to the EAJA's basic purpose of encouraging citizens to vindicate their rights.

Therefore, after concluding that the SSA's decision was substantially justified, the District Court still had authority to award EAJA fees for the time spent overcoming unreasonable legal maneuverings by the Government during the litigation in federal court.[2] If it found that the Government's position in any segment of the litigation was not substantially justified, it should have awarded fees for the time spent by Smith's counsel in successfully opposing the Government's position in that segment. *See, e.g., Porter v. Heckler*, 780 F.2d 920, 922 (11th Cir.1986). Accordingly, we remand this case to the District Court to consider EAJA fees for any aspect of the Government's litigation tactics claimed by plaintiff to warrant a fee award.

■ Our remand does not extend to plaintiff's application for appellate fees. In October 1987, plaintiff submitted sepa-

---

2. The EAJA's legislative history clearly provides support for this approach. As we noted earlier, Congress expanded the courts' scope of inquiry under the EAJA to include the underlying agen-

cy decision, as well as the Government's litigation position. *See* H.R.Rep. No. 99–120, 99th Cong., 1st Sess. 12, *reprinted in* 1985 U.S.Code Cong. & Admin.News 132, 141.

rate fee applications to the District Court and to this Court for time spent in each court. The application for appellate fees covered the period between the time of the notice of appeal from the District Court's March 1987 affirmance of the ALJ's opinion and the August 1987 settlement, during which jurisdiction had passed to the Court of Appeals. Applications for appellate fees in this Circuit should be filed directly with the Court of Appeals. *See McCarthy v. Bowen*, 824 F.2d 182 (2d Cir.1987). In this case, although an application was properly submitted to us, we remanded it in January 1988 to the District Court for determination in conjunction with the fee application submitted to that Court. While we now ask the District Court to reconsider Smith's application for fees covering proceedings in that court, we will adjudicate the application for appellate fees.[3]

In seeking appellate fees, Smith asserts that the Government should have settled the case sooner than five months after the notice of appeal was filed because it was aware that the SSA was proposing new regulations to make it easier for children with Down's Syndrome to obtain benefits. This claim is without merit. The fact that new regulations were on the drawing board does not require the Government to settle a case defending existing regulations whose validity has been upheld by two other circuits. That the Government did settle "cannot conclusively establish the weakness of the Government's position. To hold otherwise would not only distort the truth but penalize and thereby discourage settlements." *Pierce v. Underwood, supra*, 108 S.Ct. at 2552. There is no evidence that the Government engaged in delaying tactics or in otherwise obstructionist behavior while the matter was on appeal to this Court. We therefore affirm that part of the order of the District Court denying an appellate fee award.

Finally, plaintiff seeks an increase in the rate of the attorney's fees that the District Court awarded for work done in connection with the District Court's November 1983 order compelling payment of benefits and its February 1984 contempt order. Smith asserts that he is entitled to a "market rate" of $200 per hour, rather than the $75–an–hour standard rate set by the EAJA, because the Government acted in bad faith. *See* 28 U.S.C. § 2412(d)(2)(A) (Supp. IV 1986). While we have discretion to award market-rate fees under the EAJA upon a finding of bad faith, *see id.* § 2412(b); *Action on Smoking & Health v. Civil Aeronautics Board*, 724 F.2d 211, 217 (D.C.Cir.1984), there is no basis for granting a market-rate award in this case. The District Court scrutinized the Government's behavior that led to the issuance of the contempt order and specifically rejected Smith's claim of bad faith. We see no reason to disturb the District Court's ruling in the absence of clear evidence of bad faith. *See Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir.1986), *cert. denied*, 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987).

The order of the District Court is affirmed in part and vacated in part, and the case is remanded for further proceedings consistent with this opinion.

---

**3.** We note in passing that this Court is not bound by the law of the case doctrine to remand to the District Court Smith's application for appellate fees. Under that doctrine, when a federal appellate court establishes a rule of law in a particular case, it should not, on a successive appeal, depart from that rule in deciding the same issues, except for cogent reasons. *See* 1B *Moore's Federal Practice* ¶ 0.404[1] (1988). This doctrine is a discretionary rule of practice and not a limit on the Court's power to reconsider the issue. *Id.* ¶ 0.404[1], at 120; *see also United States v. Birney*, 686 F.2d 102, 107 (2d Cir.1982); *United States v. Fernandez*, 506 F.2d 1200, 1203 (2d Cir.1974). Since we now have before us a fully developed record and have had the benefit of the parties' comprehensive briefing and oral argument, there is no longer any need for this Court "to enlist the aid of the district court in resolving disputed issues concerning an application for appellate fees." *McCarthy v. Bowen, supra*, 824 F.2d at 183. Such assistance may sometimes be helpful with factual disputes concerning hours and rates but is not normally needed on the basic issue of entitlement to appellate fees.