**In the Matter of Luis Alberto SOTELO–AQUIJE A72–468–261, Petitioner,**

**v.**

**William S. SLATTERY, etc., et al., Respondents.**

**No. 93 Civ. 5640 (JSM).**

United States District Court, S.D. New York.

July 8, 1994.

Lisa Reiner, Central American Legal Assistance, Brooklyn, NY, for petitioner.

F. James Loprest, Jr., Asst. U.S. Atty., S.D. New York, New York City, for Government.

### ORDER

MARTIN, District Judge:

This case places the District Court in the anomalous position of having to decide

whether the arguments of the Government, which it accepted in reaching a decision that was reversed on appeal, were "substantially justified" so as to preclude an award of attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d). It would seem that this judgment could better be made by the Circuit Court which, in reversing this Court, rejected those arguments, and is, therefore, in a better position to objectively determine whether those arguments were substantially· justified. The Circuit Court has, however, remanded that issue to this Court, no doubt relying on the fact that in *Pierce v. Underwood,* 487 U.S. 552, 559, 108 S.Ct. 2541, 2547, 101 L.Ed.2d 490 (1988), the Supreme Court stated that this issue was left to the sound discretion of the district courts. While it may be worthwhile for the appellate courts to rethink that position in cases such as this where the district court acts solely on an administrative record and is, therefore, in no better position than the circuit court to decide the issue, at present, the buck stops here.

■ In *Pierce v. Underwood, supra,* the Supreme Court held that the language "substantially justified" did not mean that the Government's position had to be "justified to a high degree" but required only that it could be "justified to a degree that could satisfy a reasonable person." 487 U.S. at 565, 108 S.Ct. at 2550.

■ If the issue before the Court were simply the reasonableness of the decision of the Government that it should seek to sustain the determination of the Board of Immigration Appeals ("BIA") and oppose Sotelo's habeas corpus petition, the issue would be easier for the Government would have the benefit of a standard that gives deference to the Board's determination. *See INS v. Elias–Zacarias,* 502 U.S. 478, ——, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992). The inquiry is more complicated since the Court is also required to judge whether the decision of the BIA was in fact substantially justified. *See Smith by Smith v. Bowen,* 867 F.2d 731, 734–35 (2d Cir.1989). While the issue is not free from doubt, the Court finds that the Board's decision was substantially justified.

The most important factor in reaching this determination is that, notwithstanding an opinion which may not have been a model of clarity, the ultimate decision of the Board was that petitioner had failed to meet his burden of proof. While the Circuit Court disagreed with the Board's conclusion because it found logical inconsistencies in its reasoning, 17 F.3d 33, there were present some factors that could cause the Board to conclude reasonably, albeit erroneously, that the petitioner did not meet his burden. As the Board noted, while petitioner claimed that three of the written threats against him were located at the main CUAVES office and that a CUAVES commission had reported those threats to the police, the letter which the petitioner obtained from CUAVES to support his position made no mention of any threats against him. On this basis, the Board concluded

"Corroborating evidence was available in Peru that could have been provided to the applicant."

While evidence corroborating an applicant's testimony is not necessarily a prerequisite to establishing refugee status, 8 C.F.R. § 208.13(a) (1994), the Board has the discretion to consider the lack of corroborating evidence. Given the fact that petitioner was able to obtain some evidence from members of CUAVES, it was not unreasonable for the Board to find the lack of more specific, corroborative evidence inexplicable and therefore suspect.

In addition, the Board found that the petitioner had not established that a fear of persecution existed throughout Peru as opposed to his local hometown, relying on its prior decision in *Matter of Fuentes,* 19 I & N Dec. 658 (BIA 1988). While this argument was also rejected by the Circuit Court, the reasonableness of the Board's position is supported by the fact that it relied in part on an advisory opinion from the State Department's Bureau of Human Rights and Humanitarian Affairs. That opinion concluded that although "the Shining Path Guerrillas have targeted community leaders in some areas, such people who move to communities where they are not well known generally are able to find peaceful residence."

The State Department opinion conformed with the guidelines set in 8 C.F.R. § 208.11 (1994) and was part of the asylum record in accordance with INS regulations. The Second Circuit itself has characterized advisory opinions such as the one relied on by the Board in this case as "usually the best available source of information ... [on] general conditions in the foreign country." *Zamora v. INS,* 534 F.2d 1055, 1062 (2d Cir.1976). While this conclusion conflicted with certain general evidence submitted by petitioner about Peru, the Board cannot be said to have acted unreasonably in crediting the State Department opinion.

For the foregoing reasons, the application for attorneys' fees pursuant to the Equal Access to Justice Act is denied.

SO ORDERED.