John E. WASHINGTON

v.

Margaret M. HECKLER, Secretary of Health and Human Services.

Civ. A. No. 82–3712.

United States District Court,
E.D. Pennsylvania.

May 22, 1985.

James M. Lafferty, David A. Searles, Philadelphia, Pa., for plaintiff.

Edward T. Ellis, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## OPINION

LUONGO, Chief Judge.

This case is before me on remand from the Third Circuit Court of Appeals' decision in *Washington v. Heckler*, 756 F.2d 959 (3d Cir.1985). Pursuant to the court of appeals' mandate, I must now determine the "appropriate fee" to be paid to plaintiff's counsel. *Id.* at 968. In addition to plaintiff's original attorney's fee petition for time spent litigating the underlying merits of the case (the "original petition"), plaintiff has filed a supplemental motion for fees and costs in connection with his appeal of my earlier attorney's fees decision (the "supplemental petition"). I conclude that plaintiff's request for $2,118.75 accurately reflects the reasonable value of services rendered in the merits litigation. Because I conclude that plaintiff's supplemental motion is properly addressed to the court of appeals, I will dismiss that motion as premature.

## I.

This Social Security case was originally filed on August 26, 1982. I granted plaintiff's motion for summary judgment on May 12, 1983, and remanded the matter for reinstatement of plaintiff's SSI benefits. Plaintiff then filed a motion for attorney's fees under the Equal Access to Justice Act "EAJA." I denied the motion on November 9, 1983, 573 F.Supp. 1567. The court of appeals reversed that decision on March 6, 1985. Now before me are plaintiff's original motion for attorney's fees in the amount of $2,118.75, and his supplemental motion for fees and costs.

## II.

■ With respect to plaintiff's original fee request, the Secretary contests only charges for five hours devoted to a motion filed by plaintiff before I granted his motion for summary judgment. In that motion, plaintiff requested that the Secretary be ordered to pay interim benefits for the length of time necessary to produce the administrative record. The Secretary argues that fees should not be awarded for that activity because the motion was denied as moot. Plaintiff points out, however, that the motion for interim benefits during remand was caused by the Secretary's temporary inability to locate plaintiff's file. Indeed, the government first requested that the case be remanded for reconstruction of the agency's file. I conclude that an award of fees is proper as to the five hours spent on the remand and interim benefits motion. The subject matter of the motion, a response to the government's earlier motion, was closely related to the merits of the dispute, and the motion was reasonably advanced after the Secretary had failed to produce the administrative record. I will therefore approve plaintiff's original fee request of $2,118.75.

## III.

■ Plaintiff's supplemental request for fees in connection with appellate representation presents a more difficult question. The Secretary argues that I should decline to award fees because (1) the court of appeals is the appropriate court to rule upon a request for fees in connection with appellate representation and (2) on the merits plaintiff's request for appellate counsel fees should be denied.

The EAJA does not specify whether the district court or court of appeals should entertain fee requests in connection with appellate representation. I must therefore examine other sources to determine wheth-

er the court of appeals would require that district courts consider such petitions in the first instance.

As the Secretary points out, strong evidence that the court of appeals would give initial attention to fee requests is found in Rule 27 of the Third Circuit's Rules.[1] Rule 27 establishes a procedure by which prevailing parties can make their EAJA request directly to the appellate court. The Rule requires that fee petitions contain a detailed statement of the "nature and extent of services rendered," a declaration of time and expenses, and a statement of the position of the United States which the prevailing party claims was not substantially justified. 3d Cir.R. 27(2). It is thus apparent from the very text of the Rule that the court of appeals will itself be determining the appropriate fee in some cases before it.

Plaintiff contends, however, that Rule 27 should be interpreted as a mechanism for assessing fees in cases in which the appellate court reviews directly the merits of an administrative agency action. In such cases, plaintiff argues, there is no intervening action in the district court, and thus it would be inappropriate to "remand" a related fee request. Plaintiff contends that in cases where, as here, the merits were initially decided by the district court, the Third Circuit's practice has been to remand the entire fee petition to the district court to fix an award for both district court and appellate representation. *See, e.g. Prandini v. National Tea Company*, 585 F.2d 47, 54 (3d Cir.1978).

The Secretary also argues that the court of appeals should initially consider plain-

tiff's appellate EAJA petition because the appellate court is in a superior position to determine the appropriateness and amount of an award of fees. In this regard, the Secretary reiterates that the EAJA mandates an award of fees only where the government's position was not "substantially justified."

Some support for the Secretary's latter argument is found in the Eighth Circuit's decision in *Cornella v. Schweiker*, 741 F.2d 170 (8th Cir.1984). In *Cornella*, the court denied a petition for appellate attorney's fees in connection with a successful appeal of a district court's denial of an EAJA petition. *See Cornella v. Schweiker*, 728 F.2d 978 (8th Cir.1984), *rev'g Cornella v. Schweiker*, 553 F.Supp. 240 (D.S.D.1982). Although the court did not specifically address the appropriate forum for resolution of the petition, it is evident from the opinion that the appellate court—indeed the same panel of judges—considered the request in the first instance.

In my view, the appropriate court for resolution of an EAJA attorney's fees petition is the court before which the attorney performed the work sought to be recompensed. Although the court of appeals has, in other contexts, assigned to district courts the task of calculating the reasonable value of appellate representation, an award of fees under the EAJA reflects a judgment that the government's position was not substantially justified. For a district court to make such a determination, the district judge would often have to assess the merits of the government's arguments on appeal. This, in turn, would require a review of appellate briefs which are

[1]. 3d Cir.R. 27(2) provides:
   Contents of Application
   An application to this Court for an award of fees and other expenses pursuant to 28 U.S.C. § 2412(d) shall be filed within thirty (30) days after the entry of final judgment in the action and shall identify the applicant and the proceeding for which the award is sought. The application shall show that the party seeking the award is a prevailing party and is eligible to receive an award.
   The application shall also show the nature and extent of services rendered and the amount sought, including an itemized statement from any attorney representing the party or any agent or expert witness appearing on behalf of the party, stating the actual time expended and the rate at which fees are computed, together with a statement of expenses for which reimbursement is sought. The specific position of the United States which the party alleges was not substantially justified shall be identified. The United States shall reply to the application within thirty (30) days.

not generally made part of the district court file, and then an evaluation of those briefs in light of the court of appeals' opinion. Such a process would involve needless duplication of the court of appeals' consideration of the government's briefs, and it would require the district court to search the court of appeals' opinion for indicia of the appellate panel's evaluation of the position taken by government attorneys.

The case at bar well demonstrates the wisdom of appellate court treatment of EAJA petitions relating to work performed on appeal. Although unanimous in its judgment, the appellate panel that decided this case set forth its rationale in a majority and two concurring opinions. Whether the Secretary's appellate position was substantially justified in the view of the panel's opinions should be decided by the court of appeals. I am satisfied that this disposition of plaintiff's supplemental motion will not prejudice his rights: I am informed by

counsel that plaintiff has submitted an EAJA petition to the court of appeals. Should the court of appeals decide that I should consider the petition in the first instance, the appellate court can simply refer that petition to this court.

  In short, I find that plaintiff's original request for attorney's fees was reasonable, and I will approve it. I hold that plaintiff's EAJA petition for appellate representation should be addressed to the court of appeals. I will therefore dismiss as premature plaintiff's supplemental petition for fees and costs.[2]

**2.** Plaintiff also seeks interest on the amount awarded. As authority for that request, plaintiff cites only precedent authorizing an award of *post-judgment* interest. *See Institutionalized Juveniles v. Secretary of Public Welfare,* 758 F.2d 897 (3d Cir.1985). *See also* 28 U.S.C. § 1961.

Until the filing of the order accompanying this opinion, however, no judgment as to attorney's fees had been entered in plaintiff's favor.