JUDGMENT WILL BE ENTERED IN THE DEFENDANT'S FAVOR.

CENTRAL MONTANA ELECTRIC POWER COOPERATIVE, INC. and Upper Missouri G & T Electric Cooperative, Inc., Plaintiffs,

v.

ADMINISTRATOR OF the BONNEVILLE POWER ADMINISTRATION, Defendant.

No. CV–86–190–GF.

United States District Court, D. Montana, Great Falls Division.

Feb. 13, 1987.

Vicki W. Dunaway, Dunaway, O'Connor & Moe, P.C., Billings, Mont., James D. Pembroke, Duncan, Weinberg & Miller, Washington, D.C., for plaintiffs.

George F. Darragh, Jr., Asst. U.S. Atty., Great Falls, Mont., C. Max Vassaneilli, Sr. Trial Counsel, U.S. Dept. of Justice, Civ. Div., Washington, D.C., James O. Luce, Asst. Gen. Counsel, Bonneville Power Admin., Portland, Or., for defendant.

MEMORANDUM AND ORDER

HATFIELD, District Judge.

The plaintiffs, two Montana electric cooperatives, bring the present action to obtain judicial review of the Bonneville Power Administration's decision denying their respective requests for an allocation of power produced from the Libby Dam project.[1] Plaintiffs invoke jurisdiction under 28 U.S.C. §§ 1331 and 1336, as well as 42 U.S.C. § 7192.

The defendant, Administrator of the Bonneville Power Administration ("BPA"), moves the court to dismiss this action for want of subject matter jurisdiction. The BPA contends that jurisdiction over the controversy presented is vested exclusively in the Court of Appeals for the Ninth Circuit, pursuant to section 9(e)(5) of the Pacific Northwest Electric Power Planning

---

**1.** The Libby Dam was constructed under authority of the River and Harbor Act of 1950, Pub.L. No. 81–516, 64 Stat. 172.

and Conservation Act (the "Act"), 16 U.S.C. § 839f(e)(5).

The plaintiffs obviously oppose the dismissal, asserting that this court does have jurisdiction to entertain this controversy. In the alternative, plaintiffs move the court to transfer the action to the Court of Appeals for the Ninth Circuit pursuant to 28 U.S.C. § 1631.

The issue presented for resolution is whether the decision of the BPA denying the plaintiffs' allocation is subject to the jurisdictional prescription of section 9(e)(5) of the Act, which would vest jurisdiction to review that decision in the Court of Appeals. Having considered the merits of the arguments advanced by the parties in support of their respective positions, the court is compelled to conclude that the present controversy is subject to the jurisdictional prescription of section 9(e)(5), which precludes this court from exercising jurisdiction.

The jurisdictional issue presented is unique, given the specialized legislation involved. The court is persuaded, however, that allocation and contracts regarding power from the Libby Dam are governed by the Act. Section 10 of the Act, 16 U.S.C. § 839g(f), sets forth numerous savings provisions, including one which states that the previously established reservation of electric power from the Libby Dam is not modified by the Act. The court finds the inclusion of this savings provision regarding the reservation of power from the Libby Dam indicative of Congress' intent that decisions of the BPA regarding allocation and marketing of power from the Libby Dam are to be governed by the provisions of the Act. The plaintiffs present no convincing argument to the contrary.

Pursuant to motion of the plaintiffs, the court deems it advisable to transfer this action to the Court of Appeals for the Ninth Circuit rather than entering an order of dismissal. Therefore,

IT IS HEREBY ORDERED that this action shall be transferred to the United States Court of Appeals for the Ninth Circuit. The Clerk of Court shall, forthwith, do all things necessary to effectuate said transfer.