824 F.2d 182
 Patricia McCARTHY, Latrenda Braswell, on their own behalf
and on behalf of all those similarly situated,
Plaintiffs-Appellees,
v.
Otis R. BOWEN, M.D., Secretary, U.S. Department of Health
and Human Services, Defendant-Appellant,
Stephen Heintz, Commissioner, Connecticut Department of
Income Maintenance, Defendant.
 Docket No. 86-6121.
 United States Court of Appeals,
Second Circuit.
 Submitted May 5, 1987.
Decided July 15, 1987.
 
 Nancy S. Nemon, Deputy Chief Counsel, Dept. of Health and Human Services, Boston, Mass., submitted a brief for defendant-appellant.
 Judith I. Solomon, Legal Aid Society of Hartford County, Inc., Hartford, Conn., submitted a brief for plaintiffs-appellees.
 Before OAKES, NEWMAN, and PIERCE, Circuit Judges.
 PER CURIAM:
 
 
 1
 This is a motion by plaintiffs-appellees for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C.A. Sec. 2412(d)(1)(A) (West Supp.1987), for fees incurred in connection with an appeal by the defendant-appellant Secretary of Health and Human Services. The suit challenged the Secretary's regulatory interpretation, 45 C.F.R. Sec. 233.20(a)(3)(xviii) (1987), and the State defendant's implementation of 42 U.S.C. Sec. 602(a)(39) (Supp. III 1985), which established a so-called "grandparent-deeming" requirement for three-generation families in the AFDC program. Plaintiffs obtained a favorable judgment in the District Court for the District of Connecticut (M. Joseph Blumenfeld, Judge). The Secretary appealed but subsequently chose to discontinue the appeal in light of new legislation believed to moot the appeal. See Pub.L. No. 99-514, Sec. 1883(b)(3), 100 Stat. 2085, 2917 (1986). The parties entered into a stipulation for voluntary dismissal of the appeal with each party bearing its own costs. This Court approved the stipulation. Thereafter, plaintiffs filed applications for attorney's fees under the EAJA with both the District Court and this Court.
 
 
 2
 Initially we must determine whether the request for EAJA appellate fees should be considered in the first instance by this Court or by the District Court. Under EAJA "a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action (other than cases sounding in tort) ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C.A. Sec. 2412(d)(1)(A). When fees are sought for attorney's services rendered in connection with an appeal, the court of appeals is the appropriate court to determine whether the position of the United States was "substantially justified" or whether "special circumstances make an award unjust." An application for appellate fees under EAJA should therefore always be presented to the court of appeals. See United States v. Estridge, 797 F.2d 1454, 1458-60 (8th Cir.1986); Martin v. Heckler, 754 F.2d 1262, 1265 n. 6 (5th Cir.1985); Washington v. Heckler, 608 F.Supp. 1286, 1288 (E.D.Pa.1985). There may be situations where the court of appeals will find it helpful to enlist the aid of the district court in resolving disputed issues concerning an application for appellate fees, but the application should always be filed with the court of appeals so that the appellate court may determine whether district court assistance is required.
 
 
 3
 In this case, though the plaintiffs-appellees' application was correctly filed with this Court, we will defer consideration of it until the District Court determines whether the plaintiffs are entitled to EAJA fees in connection with proceedings in the District Court. Whether the Government's position was "substantially justified" in each court may not necessarily be resolved with the same outcome, but our deferral will afford us the benefit of the District Court's view on the issue it must resolve. Deferral will also conserve judicial resources. Consideration of appellate fees can be combined with any appeal that may be taken from the EAJA ruling of the District Court. Alternatively, there is always the possibility that the ruling of the District Court will prompt the parties to accept it without appeal and also to settle the application for appellate fees.
 
 
 4
 Accordingly, the appellees' motion is denied, without prejudice to renewal within thirty days after a ruling by the District Court on the EAJA application pending before it.