**Gregory H. BOWERS, Plaintiff,**

**v.**

**James JURA, Administrator, U.S. Department of Energy, Bonneville Power Administration, Defendant.**

**No. C90–331WD.**

United States District Court,
W.D. Washington,
at Seattle.

June 8, 1990.

---

**1050**

Gregory H. Bowers, Seattle, Wash., pro se.

Anastasia D. Bartlett, U.S. Attorney's Office, Seattle, Wash., for defendant.

ORDER ON MOTIONS FOR PRELIMINARY INJUNCTION AND TO DISMISS

DWYER, District Judge.

## I. BACKGROUND

Plaintiff Gregory H. Bowers, a professional engineer, filed this suit *pro se*. He seeks review of the decision of defendant James J. Jura, Administrator of the Bonneville Power Administration ("BPA"), to proceed with the Oregon portion of the Third AC Intertie Project ("Third AC").

The Third AC is a high-voltage electric transmission project that is designed to increase capability to transfer power between the Pacific Northwest ("PNW") and California. Defendant contends that the project will help serve California's need for economical power, support the desire of the PNW to sell surplus power, and increase the reliability of the existing transmission system. Plaintiff argues that the power that BPA designates as "surplus" is and should continue to be used to reduce output from oil, coal, and nuclear power plants in the PNW. Plaintiff believes that the transfer of this "surplus" power to California will result in increased smog and acid rain in the PNW, and in increased diurnal fluctuations in streamflows.

Plaintiff has filed a motion for a preliminary injunction, citing evidence that defendant plans to sign materials and construction contracts in May or June of this year. Defendant has filed a motion to dismiss, arguing that: 1) this court does not have subject matter jurisdiction because 16 U.S.C. § 839f(e)(5) (Pacific Northwest Electric Power Planning and Conservation Act) ("Northwest Power Act") vests exclusive jurisdiction in the United States courts of appeals; and 2) plaintiff's suit was not timely filed under the 90–day statute of limitations contained in the Northwest Power Act. All materials filed in support of or opposition to these motions have been fully considered.

## II. DISCUSSION

■ The Northwest Power Act provides that:

Suits to challenge the constitutionality of this chapter, or any action thereunder, final actions and decisions taken pursuant to this chapter by the Administrator or the Council, or the implementation of such final actions, whether brought pur-

suant to this chapter, the Bonneville Project Act [16 U.S.C.A. § 832 et seq.], the Act of August 31, 1964 (16 U.S.C. 837–837h) [Pacific Northwest Power Preference Act], or the Federal Columbia River Transmission System Act (16 U.S.C. 838 and following), shall be filed in the United States court of appeals for the region. Such suits shall be filed within ninety days of the time such action or decision is deemed final, or, if notice of the action is required by this chapter to be published in the Federal Register, within ninety days from such notice, or be barred.... Suits challenging any other actions under this chapter shall be filed in the appropriate court.

16 U.S.C. § 839f(e)(5).

Plaintiff argues that this provision does not deprive the district court of jurisdiction in this case. He interprets the language "whether brought pursuant to this chapter ... or the Federal Columbia River Transmission System Act ..." to mean that suits brought pursuant to the Northwest Power Act or one of the three acts mentioned, challenging final actions under the Northwest Power Act only, are to be brought in the courts of appeals. He maintains that, since the decision he is challenging is a final action under the authority of the Federal Columbia River Transmission System Act, this suit is one "challenging any other" action, and is properly filed in the district court. Defendant's interpretation of the statute to preclude jurisdiction of this case in the district court, plaintiff argues, assumes that the statute requires that challenges to the Northwest Power Act and to the other three acts mentioned must be filed in the courts of appeals.

The Ninth Circuit has recognized that a Congressional purpose in providing direct review in the courts of appeals was to expedite litigation challenging BPA actions under the Northwest Power Act. *Pac. Power & Light Co. v. BPA,* 795 F.2d 810, 815 (9th Cir.1986). Congress intended that "jurisdiction under the Act should be a function of the agency whose actions are being challenged rather than a function of the cause of action which petitioner asserts." *Id.* at 816. "Unless constitutional issues are raised, jurisdiction under the Act does not turn on the legal theory underlying a suit.... The proper inquiry focuses on the agency being attacked and whether the factual basis for that attack is an agency action authorized by the Act." *Id.* See also *Cent. Montana Elec. Power Coop., Inc. v. Adm'r of BPA,* 840 F.2d 1472, 1475–76 (9th Cir.1988) (permitting district court jurisdiction where a party challenging a BPA decision partially grounds its theory of recovery outside the Northwest Power Planning Act would frustrate Congress's intent; such bifurcation of jurisdiction would be irrational in light of the statutory emphasis on prompt resolution of litigation).

Deferring to Congressional intent, the court "has consistently interpreted the Act with a broad view of this court's jurisdiction and a narrow definition of district court jurisdiction." *Pac. Power & Light,* 795 F.2d at 814. More specifically, the court held:

There are four types of suits for which this court has original jurisdiction under the Act: suits challenging (1) the constitutionality of the Act; (2) the constitutionality of any action taken pursuant to the Act's statutory authority; (3) final actions or other decisions by BPA or the Northwest Power Planning Council, taken pursuant to the Act's statutory authority; and (4) the implementation of final actions by BPA or the Northwest Power Planning Council, taken pursuant to the authority of any of four enumerated federal power statutes [including the Federal Columbia River Transmission System Act].

*Id.*

That the statute precludes district court jurisdiction over suits challenging actions under any of the four BPA enabling acts (Northwest Power Act, Bonneville Project Act, Pacific Northwest Power Preference Act, and Federal Columbia River Transmission System Act) is further supported by the Ninth Circuit's holding that all four acts must be read *in pari materia,* based on "common themes" regarding marketing and allocation of power. *Dep't of Water &*

*Power of Los Angeles v. BPA,* 759 F.2d 684, 695 (9th Cir.1985). Consequently, "[a]ny 'final actions and decisions ... or the implementation of such final actions' taken pursuant to any of the four enabling statutes are subject to direct review by the Ninth Circuit." *Id.* at 685 n. 1 (citations omitted).

■ This case is within the exclusive jurisdiction of the Court of Appeals for the Ninth Circuit. It does not follow, however, that the case must be dismissed. Where jurisdiction is lacking, the court may transfer a case to the appropriate court pursuant to 28 U.S.C. § 1631. That statute provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

*Id. See also Cent. Montana Elec. Power Coop., Inc. v. Adm'r of BPA,* 656 F.Supp. 781 (D.Mont.1987). In light of the time-sensitive nature of plaintiff's motion for a preliminary injunction, transfer of this action is in the interest of justice.

### III. CONCLUSION

Accordingly, this action is hereby transferred to the United States Court of Appeals for the Ninth Circuit. Any questions under the 90–day statute of limitations are properly resolved in that court. The clerk is directed to do all things necessary to effectuate this transfer.