**Lynn MARTIN, Secretary
of Labor, Plaintiff,**

v.

**NICKELS AND DIMES, INC., a
Corporation Doing Business
as "The Tilt," Defendant.**

**Civ. No. 85–00243 HMF.**

United States District Court,
D. Hawaii.

Oct. 7, 1992.

---

**84**

John Nangle, Jonathan S. Vick, U.S. Dept. of Labor, Los Angeles, Cal., Daniel A. Bent, U.S. Atty., Honolulu, Hawaii, for plaintiff.

Burt L. Snyder, Honolulu, Hawaii, Brush, Brush & Brush, Los Angeles, Cal., Peter W. Craigie, Anne-Marie Bourgeois, Gordon & Rees, San Francisco, Cal., for defendant.

ORDER TRANSFERRING DEFENDANT'S APPLICATION FOR ATTORNEYS' FEES AND OTHER EXPENSES TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

FONG, District Judge.

## INTRODUCTION

On August 4, 1992, defendant Nickels and Dimes ("Nickels and Dimes") filed its Application for Attorney's Fees and Other Expenses (the "Application") pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(B). Nickels and Dimes asserts that it is entitled to an award of attorneys' fees and other expenses that it incurred as a result of the Secretary of Labor's allegedly improper appeal of this court's November 28, 1990 Order dissolving the permanent injunction against Nickels and Dimes.

On September 1, 1992, plaintiff Secretary of Labor ("Secretary of Labor") filed a Response to the Application wherein the Secretary of Labor argues that: 1) the Application should have been filed in the United States Court of Appeals for the Ninth Circuit; 2) Nickels and Dimes failed to show that it is a company entitled to an award of attorneys' fees and other costs under EAJA; and 3) the Secretary of Labor's appeal challenging dissolution of the permanent injunction was substantially justified.

## BACKGROUND

In May of 1987, this court permanently enjoined Nickels and Dimes from committing overtime compensation and record keeping violations of the Fair Labor Standards Act in the absence of extraordinary circumstances. Nickels and Dimes first moved to dissolve the permanent injunction on February 14, 1990. The court denied the motion without prejudice because Nickels and Dimes could not produce sufficient evidence of hardship. On November 28, 1990, the court granted a renewed motion filed on October 16, 1990 to dissolve the permanent injunction.

The Secretary of Labor appealed the court's November 28, 1990 Order, which was affirmed on April 8, 1992.

## DISCUSSION

### I. JURISDICTION.

The Secretary of Labor argues that an application for appellate fees should always be filed first with the Court of Ap-

peals for the Ninth Circuit. The court agrees.[1]

The issue of whether the district court or the appellate court is the proper forum in the first instance for determining appellate costs was addressed in this circuit nearly a decade ago. In *Suzuki v. Yuen*, 507 F.Supp. 819 (D.Haw.1981), the district court concluded that *it* was the proper forum in which to adjudicate an application for appellate fees in the first instance.[2] The district court held that:

> Though the circuit courts may award attorneys' fees by authority of an applicable statute ..., the district court, despite its lesser ability to assess some important factors in the award, must consider and make an initial determination on a request for fees for appellate work.

*Suzuki*, 507 F.Supp. at 823. On appeal, the Court of Appeals for the Ninth Circuit acknowledged the district court's authority to determine appellate attorneys' fees and costs, but revised the amount of district court's award. *Suzuki v. Yuen*, 678 F.2d 761, 762 (9th Cir.1982); *see also, Newhouse v. Roberts's Ilima Tours, Inc.*, 708 F.2d 436, 441 (9th Cir.1983) (acknowledging district court's authority to grant attorneys' fees and costs on appeal). It appears that neither *Suzuki* nor *Newhouse* remain good precedent in light of the amendments to the Ninth Circuit Rules adopted shortly after these cases were decided.

The most significant change that bears directly on the issue was the adoption of Ninth Circuit Rule 14(j), entitled Request for Transfer, in July of 1984. Ninth Circuit Rule 39–1.8, the current version of Rule 14(j), by creating a mechanism to transfer an application for appellate costs to the district court, presupposes that the application will be filed with the Court of Appeals for the Ninth Circuit in the first instance:

> Any party who is or may be eligible for attorneys fees on appeal to this Court may, within the time permitted by Circuit Rule 39–1.6, file a motion to transfer consideration of attorneys fees on appeal to the district court or administrative agency from which the appeal was taken.

9th Cir.R. 39–1.8. A re-affirmation of the *Suzuki* and *Newhouse* holdings would allow any party to bypass Rule 39–1.8 by filing an application for attorneys' fees and costs directly with the district court. The court must conclude that Rule 39–1.8 was intended by the Court of Appeals for the Ninth Circuit to function as the exclusive means by which a district court could consider an application for attorneys' fees on appeal.[3] No court has addressed the issue since the Ninth Circuit Rules were amended in 1984. When read in a manner which gives each rule full effect and meaning, the Ninth Circuit Rules thus identified require an application for attorneys' fees and expenses on appeal to be filed first with the Court of Appeals for the Ninth Circuit. Accordingly, the court concludes that it lacks jurisdiction over the Application.

## II. TRANSFER.

■ Pursuant to 28 U.S.C. § 1631, this court has authority to transfer the Application to the Court of Appeals for the Ninth Circuit. 28 U.S.C. § 1631 states in relevant part:

> Whenever a civil action is filed in a court as defined in section 610 of this title ... and that court finds that there is a want

---

1. The court does not rely on *McCarthy v. Bowen*, 824 F.2d 182 (2d Cir.1987), cited by the Secretary of Labor, wherein the Court of Appeals for the Second Circuit held that an application for appellate fees under EAJA should always be presented to the court of appeals. *Id.* at 183. Inasmuch as the Second Circuit's Rules are substantially different from those of the Ninth Circuit, any reliance on *McCarthy* would be misplaced.

2. At least one other district court in the Ninth Circuit held that *it* was the proper forum to adjudicate an application for attorneys' fees in the first instance. *Smiddy v. Varney*, 574 F.Supp. 710 (C.D.Cal.1983).

3. Other Ninth Circuit Rules support the court's interpretation of Ninth Circuit Rule 39–1.8. Ninth Circuit Rules 39–1.6 and 28–2.3, by requiring a party who intends to seek attorneys' fees on appeal to include in its opening brief a short statement to that effect and to identify the authority pursuant to which the request will be made, clearly envision that an application for appellate attorneys' fees and costs be filed first with the appellate court.

of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

District courts in the Ninth Circuit have transferred cases under the authority of 28 U.S.C. § 1631 to the appellate court where the cases were within the exclusive jurisdiction of the appellate court. *See, e.g., Bowers v. Jura,* 749 F.Supp. 1049 (W.D.Wash.1990); *Central Montana Electric Power Cooperative, Inc. v. Bonneville Power Adm'r,* 656 F.Supp. 781 (D.Mont. 1987). In this case, the Court of Appeals for the Ninth Circuit has exclusive jurisdiction over the Application unless, upon motion by Nickels and Dimes, it orders the Application to be transferred to the district court.

█ Equity favors a transfer since a dismissal of this action would bar the Nickels and Dimes from seeking the same relief with the Court of Appeals for the Ninth Circuit. Under 28 U.S.C. § 2412(d)(1)(B), the prevailing party must apply for attorneys fees under EAJA within 30 days of the final judgment. Under 28 U.S.C. § 2412(d)(2)(G), " 'final judgment' means a judgment that is final and not appealable, and includes an order of settlement." The Department of Labor had 90 days to file a petition for writ of certiorari to the Court of Appeals for the Ninth Circuit, and therefore, Nickels and Dimes had 30 days from July 7, 1992, to apply for attorneys fees under EAJA. Accordingly, Nickels and Dimes had until August 6, 1992, to apply for attorneys costs and fees under EAJA.

In this case, transferring the Application to the Court of Appeals for the Ninth Circuit for its consideration would serve the interest of justice because a dismissal of this action could bar the filing of a new application for attorneys' fees and other expenses in the appropriate forum. It should be noted that since the Secretary of Labor, not Nickels and Dimes, suggested that the district court transfer the Application to the appellate court, the Secretary of Labor has waived any objection to this transfer.

IT IS HEREBY ORDERED that this action be transferred to the United States Court of Appeals for the Ninth Circuit. The Clerk of Court is directed to take such steps necessary to effectuate said transfer.