**Tahne M. O'NEAL and Kevin O'Neal, Plaintiffs,**

v.

**Michael R. HATFIELD, Defendant.**

**No. IP95–1249–C–B/S.**

United States District Court, S.D. Indiana, Indianapolis Division.

April 8, 1996.

John R. Price, Indianapolis, Indiana, for Plaintiff.

Jeffrey A. Doty, Kightlinger & Gray, Indianapolis, Indiana, for Defendant.

### *ENTRY*

BARKER, Chief Judge.

This is before the Court on Defendant Michael Hatfield's ("Hatfield") Rule 12(B)(2) Motion to Dismiss for lack of personal jurisdiction. In response to Hatfield's motion, plaintiffs concede lack of personal jurisdiction and request that the court, rather than dismiss the case, transfer it to the United States District Court for the Northern District of Illinois, Chicago Division. For the reasons explained below, we grant plaintiffs' request and transfer the case to the Northern District of Illinois, pursuant to 28 U.S.C.

1. We agree with the parties that Hatfield is not subject to personal jurisdiction in Indiana. He resides and works in Illinois, has never worked in Indiana, and does not own, use or possess any

§ 1631. Hatfield's Motion to Dismiss is denied as moot.

### *BACKGROUND*

The Complaint in this action alleges that on September 20, 1993, plaintiff Tahne M. O'Neal was driving her 1993 Blazer in Elmhurst, Illinois. She was stopped at a red light when a 1988 Chevrolet pick-up truck driven by Hatfield allegedly struck the rear end of O'Neal's vehicle. On September 15, 1995, Tahne O'Neal and her husband Kevin O'Neal, filed this suit for damages arising from the above described motor vehicle accident.

### *ANALYSIS*

Hatfield argues, and plaintiffs concede, that he is not subject to personal jurisdiction in Indiana. Ordinarily, our inquiry would end here, and we would grant the Motion to Dismiss. However, plaintiffs ask the court to transfer this action to the United States District Court for the Northern District of Illinois, Chicago Division, "in order to avoid working a hardship" on them. Such a transfer would, according to plaintiffs, work no hardship on Hatfield, and would benefit plaintiffs, presumably by enabling them to keep their original September 15, 1995 filing date and thus avoid any possible statute of limitations problems. Thus, the only issue before the court is whether to dismiss or to transfer the case.[1]

Hatfield counters that we must dismiss, rather than transfer, because venue does not exist in this court for this action, and a transferor court must have proper subject matter jurisdiction and proper venue in order to effect a transfer under 28 U.S.C. § 1404. While Hatfield's premise is correct, his conclusion does not follow. 28 U.S.C. § 1391(a) sets forth two proper venues for diversity cases:

(1) a judicial district where any defendant resides, if all defendants reside in the same State, [or] (2) a judicial district in which a substantial part of the events or omissions

real property in Indiana. The vehicle which he was driving at the time of the accident was registered and licensed in Illinois. (See, Hatfield Affidavit).

giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated. . . .

28 U.S.C. § 1391(a). If there is no district in which the action may otherwise be brought, § 1391(a) provides that the action may be brought in "a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced." *Id.* According to § 1391(a), the instant case does not belong in the Southern District of Indiana. The sole defendant resides in Illinois; the events giving rise to the claim occurred in Illinois; and the defendant is not subject to personal jurisdiction in Indiana. Therefore, Hatfield is correct that 28 U.S.C. § 1404 does not provide a basis for transfer. Section 1404 is not, however, the only possible basis for transfer.[2]

28 U.S.C. § 1631 provides for transfer where, as here, the court in which the action is originally filed finds that there is a want of jurisdiction. In such a case, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action or appeal could have been brought at the time it was filed." 28 U.S.C. § 1631. Section 1631 further provides that the action shall proceed as if it had been filed in the transferee court on the date upon which it was filed in the transferor court, thus allowing plaintiffs to avoid being barred by statutes of limitations from re-filing the suit in the proper jurisdiction.

■ We find that in this case it is in the interest of justice to transfer the action to the Northern District of Illinois, which has personal jurisdiction over the Defendant and in which venue properly lies.[3] Otherwise, were we to dismiss the case, plaintiffs would likely be barred by the applicable statute of limitations from re-filing the suit in the proper jurisdiction. *See, Martin v. Nickels and Dimes, Inc.,* 804 F.Supp. 83 (D.Hawaii 1992) (transfer under section 1631 would serve interest of justice because dismissal could have

barred filing of new application in appropriate forum). Furthermore, transfer of the action will work no perceivable hardship on Hatfield. Accordingly we grant plaintiffs' request and transfer the above-referenced cause of action to the United States District Court for the Northern District of Illinois.

## CONCLUSION

For the reasons explained above, we transfer the above-referenced cause of action to the United States District Court for the Northern District of Illinois. Defendant's Motion to Dismiss is **denied as moot.**

It is so ORDERED.

---

2. Plaintiffs did not specify a statutory basis for their request to transfer this case. We do not wish to unilaterally end their ability to bring suit in this or any jurisdiction (it has now been over two years since the accident) because of this omission, and will therefore consider any possible bases for transfer of this case.

3. At the time of the accident, Hatfield resided in Steamwood, Illinois. The accident occurred in Elmhurst, Illinois.