**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LEO ORN,
            *Plaintiff-Appellant,*

v.

MICHAEL J. ASTRUE,*
Commissioner of Social Security,
            *Defendant-Appellee.*

No. 05-16181

D.C. No.
CV-F-04-05761-
DLB
Eastern District of
California, Fresno

ORDER

Filed January 9, 2008

Before: Mary M. Schroeder, Stephen S. Trott and
William A. Fletcher, Circuit Judges.

---

## ORDER

On July 16, 2007, we issued an opinion reversing the Commissioner of Social Security's decision to deny Leo Orn social security disability benefits and remanded to the district court with instructions to remand to the Commissioner for calculation of benefits. *Orn v. Astrue*, 495 F.3d 625, 640 (9th Cir. 2007). Orn filed a timely application in this court under the Equal Access to Justice Act ("EAJA" or "the Act") for attorney's fees and costs incurred in pursuing his appeal. The Commissioner opposed Orn's application, contending that this court does not have authority under the Act to award attorney's fees and costs. We disagree with the Commissioner.

---

*Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R. App. P. 43(c)(2).

EAJA provides, in relevant part:

> Except as otherwise specifically provided by statute, *a court* shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than in cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States *in any court* having jurisdiction of that action, unless *the court* finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added). In addition, the Act provides that "a court may award reasonable fees and expenses of attorneys, in addition to . . . costs . . . , to the prevailing party in any civil action brought by or against . . . any agency or any official of the United States . . . in any court having jurisdiction of such action." § 2412(b); *see also* § 2412(a)(1) (costs). The Act does not define "court" beyond stating that the term "includes the United States Court of Federal Claims and the United States Court of Appeals for Veterans Claims." § 2412(d)(2)(F).

The Commissioner contends that the proper court in which to file an EAJA application is the district court, regardless of whether the attorney's fees and costs were incurred in the district court or on appeal. In support of his contention, the Commissioner quotes a statement by the Supreme Court in *Pierce v. Underwood*, 487 U.S. 552, 559 (1988), that "the determination [of eligibility for EAJA fees] is for the district court to make." *See also Corbin v. Apfel*, 149 F.3d 1051, 1051-52 (9th Cir. 1998); *Williams v. Bowen*, 966 F.2d 1259, 1260-61 (9th Cir. 1991); *Pirus v. Bowen*, 869 F.2d 536, 539 (9th Cir. 1989); *Kali v. Bowen*, 854 F.2d 329, 330 (9th Cir. 1988). However, in the cases cited by the Commissioner, including

*Underwood*, the prevailing party moved in the district court for an award of fees. Thus it is natural (but not particularly significant) to state in such cases, as the Court did in *Underwood*, that the district court should determine the award. The Commissioner has cited no case in which a court has held, or even stated, that district courts have *exclusive* authority to award fees and costs under EAJA.

In a number of cases, courts of appeals have entertained applications for attorney's fees and costs, including applications under EAJA. *See Hanrahan v. Hampton*, 446 U.S. 754, 755-56 (1980) (per curiam) (considering whether an appellate court was authorized under 42 U.S.C. § 1988 to award attorney's fees attributable to an appeal, and confining its analysis to whether the respondents qualified as prevailing parties under the terms of the statute); *Hutto v. Finney*, 437 U.S. 678, 693 (1978) (considering whether an appellate court was authorized under § 1988 to order that petitioners pay an additional sum to the prevailing parties' counsel for services rendered on the appeal, and confining its analysis to whether the Arkansas Department of Corrections could be required to pay that sum under the Eleventh Amendment); *Thangaraja v. Gonzales*, 428 F.3d 870, 874-76 (9th Cir. 2005) (considering an EAJA motion for attorney's fees and determining on the merits and in the first instance whether the government's position was substantially justified); *Cummings v. Connell*, 402 F.3d 936, 947-48 (9th Cir. 2005) (as amended) (holding that a request for appellate attorney's fees under § 1988 *must* be filed in the court of appeals, and reversing a district court award of appellate fees because the fee motion was filed in the district court); *Pottgieser v. Kizer*, 906 F.2d 1319, 1324 (9th Cir. 1990) (holding that the government's litigation position was substantially justified and declining "to award [EAJA] fees for this appeal"); *Se. Legal Def. Group v. Adams*, 657 F.2d 1118, 1126 (9th Cir. 1981) (considering whether plaintiffs were entitled under § 1988 to costs and attorney's fees expended in making the appeal); *Perkins v. Standard Oil Co.*, 474 F.2d 549, 551 n.2 (9th Cir. 1973), *vacated on other*

*grounds*, 399 U.S. 222 (1970) (per curiam) (noting that previously in the litigation the Ninth Circuit Court of Appeals had awarded fees under the Clayton Act for earlier appeals, and that those fees were not at issue in the appeal at hand); *id.* at 555 (awarding Perkins $1500 "for the services of his attorneys on this appeal"); *cf. Yaron v. Twp. of Northampton*, 963 F.2d 33, 34 (3d Cir. 1992) ("Controlling precedent holds this Court can decide appellate attorney's fees applications under section 1988."); *McCarthy v. Bowen*, 824 F.2d 182, 183 (2d Cir. 1987) (per curiam) (holding that "[a]n application for appellate fees under EAJA should . . . always be presented to the court of appeals").

The most obvious reading of EAJA is that a court of appeals may make an award of attorney's fees and costs. EAJA provides that "a court" shall award fees and expenses if the other requirements of the statute are fulfilled. When EAJA authorizes "a court" to award fees and costs incurred in "any civil action . . . brought by or against the United States in any court having jurisdiction of that action," the term "court" is not limited to the district court. § 2412(d)(1)(A). Further, the statute expressly includes in its definition of "court" two Article I courts, one of which, the Court of Appeals for Veterans Claims, is an appellate court. § 2412(d)(2)(F).

Our Circuit Rules are consistent with this reading of the Act. Ninth Circuit Rule 39-1 sets forth the procedures and rules for making requests for EAJA attorney's fees and costs:

> Absent a statutory provision to the contrary, a request for attorneys fees, including a request for attorneys fees and expenses in administrative agency adjudications under 28 U.S.C. § 2412(d)(3), shall be filed with the Clerk, with proof of service, within 14 days from the expiration of the period within which a petition for rehearing or suggestion for rehearing en banc may be filed, unless a timely petition for

rehearing or suggestion for rehearing en banc is filed. If a timely petition for rehearing or a suggestion for rehearing en banc is filed, a request for attorneys fees shall be filed within 14 days after the court's disposition of such petition or suggestion. The request must be filed separately from any cost bill.

A request for an award of attorneys fees must be supported by a memorandum showing that the party seeking fees is legally entitled to them and must be accompanied by Form 9 (appended to these rules) or a document that contains substantially the same information, along with: (a) a detailed itemization of the tasks performed [on] each date and the amount of time spent by each lawyer and paralegal on each task; (b) a showing that the hourly rates claimed are the prevailing rates in the relevant market; and (c) an affidavit attesting to the accuracy of the information submitted.

9th Cir. R. 39-1.6. This rule presumes that we may hear requests for EAJA fees and expenses in the first instance.

Further, in 1994 this court created the position of Appellate Commissioner, a magistrate-level judicial officer who, among other things, specializes in resolving contested fee issues:

When the court has awarded attorneys' fees on appeal or on application for extraordinary writ, and a party objects to the amount of attorneys' fees requested by the prevailing party, the court may refer to the Appellate Commissioner the determination of an appropriate amount of attorneys' fees. The court may direct the Appellate Commissioner to make a recommendation to the court or to issue an order awarding attorneys' fees. Any such order issued by

the Appellate Commissioner is subject to reconsideration by the court.

9th Cir. R. 39-1.9. Finally, our rules provide a mechanism for transferring fee requests to the district court in appropriate cases:

> Any party who is or may be eligible for attorneys fees on appeal to this Court may, within the time permitted in Circuit Rule 39-1.6, file a motion to transfer consideration of attorneys fees on appeal to the district court or administrative agency from which the appeal was taken.

9th Cir. R. 39-1.8. Taken as a whole, our rules recognize the propriety of this court considering a request for EAJA attorney's fees and costs in the first instance.

As indicated by Circuit Rules 39-1.8 and 39-1.9, a panel need not exercise its authority to consider a request for an award of EAJA fees and costs. When considering an EAJA request, a panel has the discretion to select one of several options. First, it may make that determination itself. Second, it may grant the request and refer it to the Appellate Commissioner for a determination of the amount. Third, it may transfer the request to the district court on remand. Fourth, it may defer selecting an option until additional information is available.

In exercising its discretion, a panel may consider, among other factors: (1) whether the request is limited to attorney's fees and costs incurred on appeal; (2) whether an appraisal of the worth of services rendered is a decision "involv[ing] matters within the 'first-hand' knowledge of [that court] and . . . com[ing] within its special competence," warranting a greater degree of deference than appraisal of the worth of services rendered in another court, *see, e.g.*, *Perkins*, 474 F.2d at 552; (3) whether the complexity of the issues on appeal as com-

pared with the record developed by the district court renders the district court or the court of appeals better situated to make determinations relevant to the consideration of the EAJA request, *see, e.g.*, *Underwood*, 487 U.S. at 560; (4) whether the nature of the panel's decision on the merits mitigates against transferring the request to the district court, *see, e.g.*, *Corbin*, 149 F.3d at 1053; (5) whether the Appellate Commissioner, who has substantial experience and expertise in ruling on appellate fee requests, is best qualified to make factual determinations relevant to the requests; (6) whether, if a prevailing party requests fees for services provided both in the district court and on appeal, bifurcating consideration of the requests could result in significant and undesirable discrepancies in the awarded hourly rates; (7) whether the prevailing party has requested an award of fees for the same work from another court, *see, e.g.*, *Yaron*, 963 F.2d at 35, 37; (8) whether the district court is presently considering a request for fees in connection with district court proceedings, *see, e.g.*, *McCarthy*, 824 F.2d at 184; (9) whether the panel anticipates that the prevailing party will make any additional requests for fees incurred at the district court level, *see, e.g.*, *id.*; and (10) whether a particular course of action will implement the Supreme Court's "view that a 'request for attorney's fees should not result in a second major litigation,' " *Underwood*, 487 U.S. at 563 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)).

Taking these factors into account, we exercise our discretion to consider the request in this case, and we hold that Orn is entitled to an award of fees and costs under § 2412(d)(1)(A). Also based on those factors, we refer the matter to the Appellate Commissioner under Circuit Rule 39-1.9 to conduct whatever proceedings he deems appropriate, and to issue an order awarding fees. That order is subject to reconsideration by this panel.

So ordered.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2008 Thomson/West.