RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 18a0112p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

R. ALEXANDER ACOSTA, Secretary of Labor,

*Plaintiff-Appellee*,

*v.*

No. 17-3427

CATHEDRAL BUFFET, INC.; ERNEST ANGLEY,

*Defendants-Appellants*.

_____

Appeal from the United States District Court
for the Northern District of Ohio at Akron.
No. 5:15-cv-01577—Benita Y. Pearson, District Judge.

Decided and Filed: May 24, 2018[*]

Before: SILER, KETHLEDGE, and THAPAR, Circuit Judges.

_____

**COUNSEL**

**ON MOTIONS:** Todd A. Mazzola, RODERICK LINTON BELFANCE, LLP, Akron, Ohio, for Appellants. **IN RESPONSE:** Mary E. McDonald, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for Appellee.

_____

[*]The Panel originally ruled on the instant motions in an order filed on May 24, 2018. The court has now designated the ruling for publication.

---

**ORDER**

---

This matter is before the court upon Defendants-Appellants Cathedral Buffet, Inc., and Reverend Ernest Angley's motion for leave to file a petition for costs and attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.[1]

On April 16, we reversed the district court's judgment against Cathedral Buffet and Angley, president of the Buffet and pastor of the Grace Cathedral church, which found them liable under the Fair Labor Standards Act (FSLA) for back wages owed to church member volunteers who worked at the restaurant. *See Acosta v. Cathedral Buffet, Inc.*, 887 F.3d 761 (6th Cir. 2018). We held that the volunteers were not FLSA employees because they did not work in expectation of compensation, as required by Supreme Court precedent. *Id.* at 766-67 (citing *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 302 (1985); *Walling v. Portland Terminal Co.*, 330 U.S. 148, 152 (1947)).

Cathedral Buffet now seeks to recover its costs and attorney's fees for the entire litigation from the Department of Labor (DOL). The EAJA provides, in pertinent part, that in an action brought by or against the United States, "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). To recover costs and fees under the EAJA, the applicant must satisfy four criteria: "(1) that the fee applicant be a prevailing party; (2) that the government's position not be substantially justified; (3) that no special circumstances make an award unjust; and (4) that the fee applicant file the requisite application within thirty days of final judgment." *Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 129-30 (6th Cir. 2007) (citation omitted).

---

[1]Before the court could rule upon Cathedral Buffet's motion for leave, it also filed its EAJA petition and supporting materials.

Ultimately, Cathedral Buffet intends to argue that the DOL's position throughout this litigation—that the church member volunteers were FLSA employees—was not substantially justified.  The preliminary question before the court is whether Cathedral Buffet's EAJA petition for costs and fees should be filed here and decided by this court in the first instance.

The EAJA does not specify where a petition for costs and fees may or must be filed, but simply provides that "a court shall award" costs and fees when the other statutory requirements are satisfied.  28 U.S.C. § 2412(d)(1)(A).  Although it remains an open question in this circuit, other circuits hold that the courts of appeal possess jurisdiction to award fees under the EAJA. *E.g.*, *Orn v. Astrue*, 511 F.3d 1217, 1219 (9th Cir. 2008).  However, "in the usual case in which fees are sought for the entire litigation, the determination of whether the government was 'substantially justified' . . . is for the district court to make."  *United States v. Real Property Known as 22249 Dolorosa St.*, 190 F.3d 977, 981 (9th Cir. 1999).  This is because "the district court may have insights not conveyed by the record, into such matters as whether particular evidence was worthy of being relied upon, or whether critical facts could easily have been verified by the Government."  *Pierce v. Underwood*, 487 U.S. 552, 560 (1988).

Cathedral Buffet's arguments in favor of litigating costs and fees in this court can be distilled to a single point: it does not wish to argue before the district court that the DOL's position in this case was unreasonable, when that same district court adopted the DOL's position following the bench trial.  Although this desire is perhaps understandable, it is not a legitimate reason to forgo judicial economy.

To the contrary, judicial economy strongly favors having the district court adjudicate Cathedral Buffet's petition in the first instance.  The DOL notes, correctly, that further fact-finding may be necessary to determine if Cathedral Buffet is entitled to costs and fees under the EAJA, and if so, to resolve any disputes regarding the amount of that entitlement.  As previously stated: "We do not have a witness chair for hearing evidence, and we are not in a position to conduct an evidentiary hearing where proof is offered on the question of attorney's fees." *O'Bryan v. Saginaw Cty.*, 722 F.2d 313, 314 (6th Cir. 1983).

Further, the district court has more extensive knowledge than do we regarding how the litigation unfolded below. While we may have the power to entertain Cathedral Buffet's petition, the district court is certainly better-equipped to determine the amount of fees, if any, that should be awarded for counsel's work at that level. And it makes little sense to entertain Cathedral Buffet's request for appellate costs and fees separately in this court, since that would effectively require the parties to litigate the same issues simultaneously in two different courts. Judicial economy will be best served by allowing the district court to rule upon Cathedral Buffet's petition for costs and fees in the first instance, and then allowing this court to entertain an appeal if either party feels the district court's fee award is deficient. *See Garcia v. Schweiker*, 829 F.2d 396, 398 (3d Cir. 1987).

Accordingly, Cathedral Buffet's motion for leave to file an EAJA petition in this court is DENIED, and its EAJA petition is DENIED AS MOOT. Furthermore, the joint motion to hold the EAJA petition in abeyance is also DENIED AS MOOT.

ENTERED BY ORDER OF THE COURT

_____
Deborah S. Hunt, Clerk